.CHILDS v. ULTRAMARES CORPORATION.
No. 157.

Circuit Court of Appeals, Second Circuit.
Feb. 17, 1930.

Clearly this is an interlocutory and not a final order; it determines only that the cause

Zalkin & Cohen, of New York City (Nathan Coplan, of New York City, of counsel), for appellee.

Limburg, Riegelman, Hirsch & Hess, of New York City (Herbert R. Limburg, Godfrey Goldmark, Lionel S. Popkin, and Joseph L. Weiner, all of New York City, of counsel), for defendant.

Before MANTON, L. HAND, and MACK, Circuit Judges.

MACK, Circuit Judge.

In a suit in equity brought by a trustee in bankruptcy pursuant to sections 70(e) and 67(e) of the Bankruptcy Act, as amended by the Act of February 5, 1903, 11 USCA §§ 110(e), 107(e), to recover alleged illegal transfers of property, a motion to transfer the cause from the equity to the law side and for a jury trial was denied. The present appeal is from the order denying the transfer. Appellee moves to dismiss the appeal for want of jurisdiction on the ground that the order is interlocutory.

The determination of this motion depends upon the construction of the relevant sections of the Bankruptcy Act and the Judicial Code set forth in the margin.[1]

---

[1] Act of July 1, 1898 (30 Stat. 545, § 2, now 11 USC § 11 [11 USCA § 11]):

"Sec. 2. That the courts of bankruptcy as hereinbefore defined, viz., the district courts of the United States * * * are hereby invested * * * with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings * * * (7) [to] cause the estates of bankrupts to be collected, reduced to money and distributed, and determine controversies in relation thereto, except as herein otherwise provided."

"Sec. 23. *Jurisdiction of United States and State Courts*—[30 Stat. 552, now, as amended, 11 USCA § 46].

"(a) The United States circuit courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings in bankruptcy, between trustees as such and adverse claimants concerning the property acquired or claimed by the trustees, in the same manner and to the same extent only as though bankruptcy proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants.

"(b) Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant."

By the Act of February 5, 1903 (32 Stat. 797, 798), subdivision (b) was amended by adding at the end, "except suits for the recovery of property under section sixty, subdivision b, and section sixty-seven, subdivision e."

By section 289 of the Judicial Code (Act of March 3, 1911, 36 Stat. 1087, 1167 [28 USCA § 431 note]), the Circuit Courts specified in section 23(a), of the Bankruptcy Act, were abolished as of January 1, 1912, and by section 291 (28 USCA § 431 note) their jurisdiction was vested in the District Courts.

"Sec. 24. *Jurisdiction of Appellate Courts.*—[30 Stat. 553, now 11 USCA § 47].

"(a) [The Supreme Court of the United States] the circuit courts of appeals of the United States, and the supreme courts of the Territories * * * are hereby invested with appellate jurisdiction of controversies arising in bankruptcy proceedings from the courts of bankruptcy from which they have appellate jurisdiction in other cases. * * *

"(b) The several circuit courts of appeal shall have jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law the proceedings of the several inferior courts of bankruptcy within their jurisdiction. Such power shall be exercised on due notice and petition by any party aggrieved."

The bracketed portion was repealed by the Act of February 13, 1925, c. 229, § 13 (43 Stat. 941, 942). Review by the Supreme Court was then regulated by section 240 of that act, 43 Stat. 938, 28 USCA § 347.

The entire section was revised and amended by the Act of May 27, 1926 (44 Stat. 664 [11 USCA § 47]) to read as follows:

"(a) The Supreme Court of the United States, the circuit courts of appeal of the United States, the Court of Appeals of the District of Columbia, and the supreme courts of the Territories * * * are hereby invested with appellate jurisdiction of controversies arising in bankruptcy proceedings from the courts of bankruptcy from

shall proceed to trial. It is similar to an order overruling a demurrer based on want of equity or lack of jurisdiction in the court. The cause itself is neither dismissed nor are its merits determined.

which they have appellate jurisdiction in other cases.

"(b) The several circuit courts of appeal and the Court of Appeals of the District of Columbia shall have jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law (and in matter of law and fact the matters specified in section 25) the proceedings of the several inferior courts of bankruptcy within their jurisdiction. Such power shall be exercised by appeal and in the form and manner of an appeal, except in the cases mentioned in said section 25 to be allowed in the discretion of the appellate court.

"(c) All appeals under this section shall be taken within thirty days after the judgment, or order, or other matter complained of, has been rendered or entered."

"Sec. 25. *Appeals and Writs of Error.*—[30 Stat. 553, now 11 USCA § 48].

"(a) That appeals, as in equity cases, may be taken in bankruptcy proceedings from the courts of bankruptcy to the circuit court of appeals of the United States, and to the supreme court of the Territories, in the following cases, to wit (1) from a judgment adjudging or refusing to adjudge the defendant a bankrupt; (2) from a judgment granting or denying a discharge; and (3) from a judgment allowing or rejecting a debt or claim of five hundred dollars or over. [Such appeal shall be taken within ten days after the judgment appealed from has been rendered, and may be heard and determined by the appellate court in term or vacation, as the case may be.]"

The bracketed portion was amended by the Act of May 27, 1926 (c. 406, § 10, 44 Stat. 665), to read:

"Such appeal shall be taken within thirty days after the judgment appealed from has been rendered, and may be heard and determined by the appellate court in term or vacation, as the case may be."

"Sec. 67. *Liens.* * * * (30 Stat. 564, now 11 USCA § 107(e) * * * all conveyances, transfers, or incumbrances of his property made by a debtor * * * which are held null and void as against the creditors of such debtor by the laws of the State, Territory, or District in which such property is situate, shall be deemed null and void under this Act against the creditors of such debtor if he be adjudged a bankrupt, and such property shall pass to the assignee and be by him reclaimed and recovered for the benefit of the creditors of the bankrupt."

"Sec. 70. *Title to Property.* * * * [30 Stat. 565, now 11 USCA § 110(e)].

"(e) The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a bona fide holder for value

Both parties agree that this is a controversy arising in bankruptcy proceedings. Appellant contends and appellee denies that section 128 of the Judicial Code and section 24 of the Bankruptcy Act (28 USC § 225

prior to the date of the adjudication. Such property may be recovered or its value collected from whoever may have received it, except a bona fide holder for value."

The amendment of February 5, 1903 (32 Stat. 797, 800, c. 487, § 16), added to both of these subsections the following: "For the purpose of such recovery any court of bankruptcy as hereinbefore defined, and any State court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

Act of March 3d, 1891 (26 Stat. 826):

"Sec. 6. That the circuit courts of appeals established by this act shall exercise appellate jurisdiction to review by appeal or by writ of error final decision in the district court and the existing circuit courts in all cases * * * unless otherwise provided by law. * * *"

Judicial Code, Act of March 3d, 1911 (36 Stat. 1087, 1133):

"Sec. 128. The circuit courts of appeals shall exercise appellate jurisdiction to review by appeal or writs of error final decisions in the district courts * * * entirely upon the opposite parties to the suit or controversy being aliens and citizens of the United States, or citizens of different States. * * *"

"Sec. 129. Provides for appeals from certain interlocutory orders in equity cases.

"Sec. 130. The circuit courts of appeals shall have the appellate and supervisory jurisdiction conferred upon them by the Act entitled 'An Act to establish a uniform system of bankruptcy throughout the United States,' approved July first, eighteen hundred and ninety-eight, and all laws amendatory thereof, and shall exercise the same in the manner therein prescribed." 36 Stat. 1134.

The Act of Feb. 13th, 1925 (43 Stat. 936), repealed section 130 and amended section 128 to read as follows:

"Sec. 128 (a) The circuit courts of appeal shall have appellate jurisdiction to review by appeal or writ of error final decisions—

"First. In the district courts, in all cases save where a direct review of the decision may be had in the Supreme Court under section 238. * * *

"(b) The circuit court of appeals shall also have appellate jurisdiction—

"First. To review the interlocutory orders or decrees of the district courts which are specified in section 129. * * *

"(c) The circuit courts of appeal shall also have an appellate and supervisory jurisdiction under sections 24 and 25 of the Bankruptcy Act of July 1, 1898, over all proceedings, controversies, and cases had or brought in the district courts under that Act or any of its amendments, and shall exercise the same in the manner prescribed in those sections;" 28 USCA § 225.

and 11 USC § 47 [28 USCA § 225 and 11 USCA § 47]) confer appellate jurisdiction over all interlocutory as well as final orders in all matters decided by the courts of bankruptcy. The basis of the contention is that, while in section 128 of the Judicial Code (28 USCA § 225), subdivision (a), deals expressly only with final decisions and subdivision (b) only with interlocutory orders, subdivision (c), relating to bankruptcy, has no such express limitations except as they might be imposed by sections 24 and 25 of the Bankruptcy Act (11 USCA §§ 47, 48); further, that while, under sections 24 (b) and 25, relating to "proceedings in bankruptcy," there are certain limitations to the right of appeal, such as leave of court, section 24 (a), 11 USCA § 47(a), relating to "controversies arising in bankruptcy proceedings," in no way expressly limits the right of appeal. It is then contended that, although under section 24 (b), the supervisory power extends expressly to interlocutory as well as final orders, section 24 (a), because of the failure expressly to limit the appellate jurisdiction, must be construed as necessarily or by fair implication conferring like broad jurisdiction over interlocutory as well as final decisions.

A consideration of the history of appellate jurisdiction in the federal courts and the statutory provisions in respect thereto compels us to reject this contention.

In McLish v. Roff, 141 U. S. 661, at page 665, 12 S. Ct. 118, 119, 35 L. Ed. 893, the Supreme Court answered an analogous contention that under the Act of March 3, 1891 (26 Stat. 826), which permitted direct review from a circuit court where "the jurisdiction of the court is in issue," a writ of error should be granted to reverse an order overruling a demurrer to the jurisdiction of the court. The court said:

"We think that upon sound principles of construction such is not the meaning of the act of congress under consideration. It is manifest that the words in section 5, 'appeals or writs of error,' must be understood within the meaning of those terms as used in all prior acts of congress relating to the appellate powers of this court, and in the longstanding rules of practice and procedure in the federal courts. Taken in that sense, these terms mean the proceedings by which a cause, in which there has been a final judgment, is removed from a court below to an appellate court for review, reversal, or affirmance. It is true that the judiciary act of 1789 limited the appellate jurisdiction of this court to final judgments and decrees in the cases specified.

This, however, in respect to writs of error, was only declaratory of a well-settled and ancient rule of English practice. At common law no writ of error could be brought except on a final judgment. Bac. Abr. 'Error,' A. 2. 'If the writ of error be returnable before judgment is given, it may be quashed on motion.' 2 Tidd Pr. 1162. In respect to appeals there is a difference in the practice of the English chancery courts, in which appeals may be taken from an interlocutory order of the chancellor to the house of lords, and the practice of the United States chancery courts, where the right of appeal is by statute restricted to final decrees, so that a case cannot be brought to this court in fragments.

"From the very foundation of our judicial system the object and policy of the acts of congress in relation to appeals and writs of error (with the single exception of a provision in the act of 1875 in relation to cases of removal, which was repealed by the act of 1887) have been to save the expense and delays of repeated appeals in the same suit, and to have the whole case and every matter in controversy in it decided in a single appeal. Forgay v. Conrad, 6 How. 201, 204 [12 L. Ed. 404]. The construction contended for would render the act under consideration inconsistent with this long-established object and policy."

"Proceedings in bankruptcy" and "controversies arising in bankruptcy proceedings" are clearly differentiated throughout the Bankruptcy Act, and especially as to appellate jurisdiction in the subdivisions (a) and (b) of section 24, 11 USCA § 47 (a) (b). "Proceedings in bankruptcy" are within the summary jurisdiction of the bankruptcy court; they are the steps in the administration of the estate by the bankruptcy court. "Controversies" are ordinary suits in equity or actions at law between the trustee as such and adverse claimants of property; except by consent, they are plenary actions, regardless of whether they may or must be brought in the bankruptcy court or may be brought in other courts. Section 2 of the Bankruptcy Act (11 USCA § 11) grants original and exclusive jurisdiction of all "proceedings in bankruptcy" upon courts of bankruptcy, the District Courts; subdivision 7 of that section confers original jurisdiction, not of all, but only of some, "controversies," on these courts. Such controversies, however, are those which would normally belong to the bankruptcy court because of its control of a res claimed adversely to a trustee or receiver

in possession thereof, and thus within the control of the bankruptcy court. The original jurisdiction of controversies "otherwise provided" and for subdivision 7 was granted by section 23 (11 USCA § 46); it was not, however, conferred upon the courts of bankruptcy, but upon state courts and the then Circuit Courts, the federal courts that alone had jurisdiction of many ordinary cases at law and in equity, including those based upon diversity of citizenship. Before the amendment of 1903, controversies like the present one under sections 67(e) and 70(e), could not, therefore, have been determined, except with the defendant's consent, in suits brought by the trustee in *the bankruptcy court;* such suits must have been begun in the state or federal *Circuit Court* that would have had jurisdiction over a like suit by the bankrupt if bankruptcy had not intervened.

Sections 24 and 25 (11 USCA §§ 47, 48) did not regulate original, but only appellate and supervisory, jurisdiction in bankruptcy matters. By their express terms, however, this appellate jurisdiction was limited to a review of "controversies arising in bankruptcy proceedings *from the courts of bankruptcy*" (section 24(a); "proceedings of the several inferior *courts of bankruptcy*" (section 24(b); "from the *courts of bankruptcy*" (section 25(a). They had no application, therefore, to "controversies" in the circuit courts or in the state courts, brought pursuant to Sec. 23 (11 USCA § 46).

As the "controversies" under section 23 were but ordinary cases at law or in equity either in the state or federal courts,[2] appellate jurisdiction as to them was governed by the general laws of the state or of the United States, respectively, on that subject; naturally no provision in respect thereto was necessary or is found in the Bankruptcy Act.

In 1898 (30 Stat. 544), when the Bankruptcy Act was passed, section 6 of the Circuit Court of Appeals Act of 1891 (26 Stat.

828), regulating appeals and writs of error, was in force. Judgments and decrees in cases brought in the then federal Circuit Courts pursuant to section 23 of the Bankruptcy Act thus came within its provisions without the need of any amendment, until the Circuit Courts were abolished January 1, 1912, when the Judicial Code of March 3, 1911 (36 Stat. 1087), went into effect. The Judicial Code codified the relevant unrepealed statutory provisions on appellate and supervisory jurisdiction; section 128, the laws granting appellate jurisdiction to review final decisions of the District Court; section 129, those to review specified interlocutory orders of that court. Section 130 in terms merely continued in force the appellate and supervisory jurisdiction conferred by the Bankruptcy Act. This section was doubtless thought essential or at least advisable lest, as a later enactment, the Code might otherwise be deemed to repeal, in part at least, sections 24 and 25 of the Bankruptcy Act.

By later enactments, sections 128 and 130, with amendments, became subdivisions of section 128, and are now 28 U. S. C. § 225 (28 USCA § 225).

Section 129 was also amended, but is here immaterial; it became 28 USCA § 227.

■■■ In the light of this history, it is in our judgment entirely clear, that, as the mere codification was not intended to effect any change in the laws theretofore in force, the fact that subdivision (a) of section 128 expressly deals exclusively with final decisions, and subdivision (b) exclusively with interlocutory orders, while subdivision (c) does not expressly include or exclude either, furnishes no support whatsoever for the contention that, under subdivision (c), this court has jurisdiction of appeals from all decisions of controversies by the bankruptcy courts, whether final or interlocutory.

■ We pass then to a consideration of Bankruptcy Act section 24(a) and (b), 11 USCA § 47(a) (b). Subdivision (a), giving an appeal from decisions of the bankruptcy court in "controversies," does not specify whether or not such appealable decisions may be interlocutory as well as final. Subdivision (b), giving a supervisory review of "proceedings" in the bankruptcy courts, expressly grants such a review of interlocutory, as well as final, decisions.

How then shall the failure of subdivision (a) to specify the kind of decisions be interpreted.

(a) The distinction carried throughout the entire period of the act, unchanged de-

---

[2] In Lovell v. Newman, 227 U. S. 417, at page 420, 33 S. Ct. 375, 377, 57 L. Ed. 577, the court said: "The cases in this court which have considered this section [23] have determined that it was not intended to increase the jurisdiction of the United States circuit courts in bankruptcy matters, but rather to limit it to such suits and controversies as are within the jurisdiction given such courts by the acts creating them; that is, controversies in law and in equity with adverse claimants, where the amount involved is in excess of $2,000, where diverse citizenship exists (the citizenship test being, because of the bankruptcy act, that of the bankrupt, and not that of the trustee), or there is a cause of action arising under the Constitution or laws of the United States."

spite amendments in other respects, is clearly deliberate. The very expression of the power to review interlocutory orders coming within subdivision (b) as contrasted with the absence of such expression in subdivision (a) suggests, if it does not require, the construction that no such appellate jurisdiction is conferred by subdivision (a).

(b) This construction is reinforced by the history of federal appellate jurisdiction hereinabove outlined. A review limited to final judgments and decrees is the rule; an appeal from interlocutory orders, the exception. Only when granted by statute, either expressly or by necessary implication, can it be had.

(c) Moreover, a different construction would result in several anomalous situations. If before the abolition of the circuit court, the trustee had brought a suit therein similar to the one before us, clearly no appeal would lie from an interlocutory order, whereas if after the amendment of 1903 he had brought it in the bankruptcy court, then, on appellant's contention, such an appeal would lie.

Again, if the trustee had sued in the Circuit Court to recover property from an adverse claimant, an interlocutory order would not have been reviewable; if, however, the adverse party had brought a reclamation suit in the bankruptcy court to recover similar property from the trustee, then, on appellant's contention, an identical interlocutory order would have been reviewable, and that too although the "controversy" in the two cases would be essentially the same.

We cannot impute to Congress an intent to create such unreasonable and unnecessary distinctions merely from the failure expressly to limit the appellate jurisdiction of "controversies" determined by the bankruptcy courts to final decisions.

The administration of the bankruptcy estate differs completely from the decision in a "controversy" in respect to specific property; to hasten a settlement of the estate, to speed the determination of legal questions arising during such administration, evidently sufficed for the Congress to grant supervisory review by the appellate courts of interlocutory orders in the "proceedings" therein.

The case nearest in point that we have found is Scott & Co. v. Wilson, 115 F. 284 (C. C. A. 7th); the court there dismissed for want of jurisdiction an appeal from an interlocutory order in a petition for reclamation filed in the bankruptcy court. Cf. too,

In re Columbia Real Estate Co. (C. C. A.) 112 F. 643; In re Dressler Producing Corp. (C. C. A.) 262 F. 257, 261.

Appeal dismissed.