## KING MECHANISM & ENGINEERING CO. v. WESTERN WHEELED SCRAPER CO.

No. 4667.

Circuit Court of Appeals, Seventh Circuit.
June 21, 1932.

Lincoln B. Smith and George L. Chindahl, both of Chicago, Ill., for appellant.

John L. Jackson, of Chicago, Ill., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

ALSCHULER, Circuit Judge.

Alleging that the action arose under the patent laws, and that there is diversity of citizenship of the parties with involvement of jurisdictional amount, on April 14, 1930, appellant exhibited its bill in equity charging infringement of United States patents Nos. 1,043,845, granted November 12, 1912, and 1,062,477, granted May 20, 1913. The bill sets up an agreement of October 27, 1924, between the parties whereby appellant granted appellee exclusive right to manufacture and sell, during the life of the patents, railway dump cars embodying the patents, with right to use all present and future improvements in such cars made by appellant, and all patents thereafter issued to appellant upon railway dump cars; and whereby appellee, upon building and testing an experimental car, might surrender to appellant the license to use the patents upon turning over to appellant all specifications and drawings and blueprints which appellant had supplied, and all right acquired under the agreement, and that in such event appellee would not manufacture or sell any cars or parts licensed under the agreement.

It was alleged that appellant supplied to appellee about fifty blueprints of drawings of such cars and many pages of specifications; also the specifications and plans for certain parts of such cars, to which appellant applied the name "Achilles Lever-and-Cam," and also for a construction permitting sidewise travel of the car in loading and unloading. It was further alleged that on October 15, 1926, appellee undertook to surrender its rights under the agreement but without fulfilling any of the agreed conditions for such surrender; and that about February 3, 1927, appellant terminated the agreement in accordance with its terms.

The bill further alleges that, after the termination of the agreement, appellee "has been and still is and threatens to continue unlawfully, wrongfully and without the license or permission of the plaintiff to manufacture, use and sell railway dump cars in accordance

with claims 1, 2 and 4 of said Letters Patent No. 1,043,845 and claims 7, 8 and 14 of said Letters Patent No. 1,062,477, and possibly other claims of either or both of said Letters Patent, and embodying said Achilles Lever-and-Cam and other valuable devices and improvements disclosed to the defendant by the plaintiff, all in violation and infringement of said claims and of the rights and privileges of the plaintiff under said agreement; and the plaintiff is informed and believes and therefore avers that the defendant has derived and still is deriving and receiving from said manufacture, use and sale great gains and profits, to what extent the plaintiff is unable to state, but prays that the defendant may be required to make disclosure of all such gains and profits."

The bill prays that appellee be enjoined provisionally and perpetually from manufacturing, using, selling, leasing, etc., such railway dump cars in infringement of said claims or any claims of said patents or containing the Achilles Lever-and-Cam device, or any other device, improvement, or idea disclosed by appellant to appellee pursuant to such agreement; and that appellee account to appellant for all gains and profits derived by appellee through such infringement; and for all damages sustained by appellant on account thereof; and that appellee be required to deliver to appellant all drawings and specifications supplied by appellant, and to assign to appellant any patents or applications for patents which appellee may have acquired according to the terms of the agreement.

On appellee's motion to dismiss the bill the court ordered that the motion be denied, and that pursuant to Equity Rule 22 (28 USCA § 723) the cause be transferred to the law side of the court, with leave to appellant to amend its bill to conform with common law pleadings.

Appellee moved to dismiss this appeal on the ground that the order appealed from was interlocutory and, in any event, was an order wholly within the discretion of the court granting it, and was not appealable.

It is pointed out that of the two patents sued on one had expired five months prior to the filing of the bill, and that the other would and did expire thirty-six days after its filing.

Appellant contends that since its bill prays injunctive relief which cannot be afforded at law, the order transferring to the law side was in effect a denial of its prayer for injunction, and that appeal is in such case given by the statute (28 U. S. C. § 227 [28 USCA § 227]).

While there is some confusion among the authorities as to whether an order for transfer to the law side of an equity suit wherein injunction is prayed is tantamount to the denial of the injunction, so as to admit of appeal from such order, we are inclined to the view that this is its logical effect. Had a temporary injunction been granted or denied, the right of appeal under the statute would have been plain. The order of the court went beyond the mere grant or refusal of an interlocutory injunction; it was in effect the permanent and irrevocable denial thereof, since the law side, to which the court transferred the cause, was without power to grant the requested injunction.

In the usual action for patent infringement equity would be without jurisdiction but for the prayer for injunction against further infringement (Root v. Lake Shore & M. S. Railway Co., 105 U. S. 189, 216, 26 L. Ed. 975), and an interlocutory order made in such action would not be appealable unless it was one granting or denying an injunction, or such other order as is specified in the statute referred to. Rexford v. Brunswick-Balke-Collender Company, 228 U. S. 339, 33 S. Ct. 515, 57 L. Ed. 864; Dodge Mfg. Co. v. Patten, 43 F.(2d) 472 (C. C. A. 7); Pioneer Grain Corp. v. C., M. & St. P. Ry. Co., 42 F.(2d) 1009 (C. C. A. 8); Childs v. Ultramares Corp., 40 F.(2d) 474 (C. C. A. 2).

Since no injunction against further infringement can issue where the patent has expired, it follows that equity cannot afford injunctional relief where at the time action is brought the patent had expired. Root v. Railway Co., supra; Bourne v. Goodyear, 9 Wall. 811, 19 L. Ed. 786; Le Roy v. De Vry Corporation, 16 F.(2d) 18 (C. C. A. 2); Wright's Automatic Tobacco Packing Machine Co. v. American Tobacco Co. (D. C.) 220 F. 163.

Where at the time an action in equity is brought the patent had so nearly expired that there is no likelihood an injunction against future infringement could be of substantial avail to the complaining party, the weight of authority seems to be that it is within the discretion of the chancellor whether equity will retain jurisdiction or the cause be transferred to the law side. Clark v. Wooster, 119 U. S. 322, 7 S. Ct. 217, 30 L. Ed. 392; Rice & Adams Corp. v. Lathrop, 278 U. S. 509, 49 S. Ct. 220, 73 L. Ed. 480; Le Roy v. De Vry Corporation, supra; Sly Mfg. Co. v. Central Iron Works (C. C. A.) 201 F. 683.

548

■ If in such circumstances it is apparent to the court that the prayer for the injunction is employed merely as a cloak for invoking equity jurisdiction, it would be entirely proper for the court in its discretion to order the cause transferred to the law side. Root v. Railway Co., supra; Hayward v. Andrews, 106 U. S. 672, 1 S. Ct. 544, 27 L. Ed. 271; Goldschmidt Thermit Co. v. Primos Chemical Co. (D. C.) 216 F. 382; Diamond Stone-Sawing Machine Co. v. Seus (C. C.) 159 F. 497.

But appellant maintains that the bill discloses other matters for the cognizance of equity, and as to which it was error to transfer the case. It is claimed that under the bill appellee should be enjoined from appropriating the so-called Achilles Lever-and-Cam device and other devices and improvements which appellant says he disclosed to appellee. As to all such the allegations of the bill are far too vague and uncertain to predicate relief thereon, injunctional or otherwise. It is not stated or described what these were, nor that appellant was in fact the originator or the owner of any of such, and for anything appearing in the bill to the contrary appellant's remedy for any alleged transgression of its rights is complete at law.

■ The prayer for relief asks that appellee be required to deliver to appellant the drawings, specifications, blueprints, and the like, which appellant had supplied. It is not charged in the body of the bill that such are being retained and used by appellee. But in any event these are articles to recover the possession of which the law affords ample means; and nothing is alleged in the bill to indicate that the remedy at law is in this respect inadequate. Denominating the bill as to these things as a bill for specific performance of a contract, it nevertheless appears from the bill that there is no longer any contract, appellant itself having terminated it three years before the bill was filed. But if so considered, it is plain that specific performance will not be accorded except under circumstances from which it clearly appears that the proper relief cannot otherwise be had, and in no instance where there is adequate remedy at law. Raton Water Works Co. v. Raton, 174 U. S. 360, 19 S. Ct. 719, 43 L. Ed. 1005; Hyer v. Richmond Traction Co., 168 U. S. 471, 18 S. Ct. 114, 42 L. Ed. 547; Union Pacific Ry. Co. v. Chicago, M. & St. P. Ry. Co., 163 U. S. 564, 600, 16 S. Ct. 1173, 41 L. Ed. 265.

Appellant would support equity jurisdiction here because in equity it would be entitled to recover appellee's profits from the infringement upon the equitable theory that the infringer becomes a trustee ex maleficio for the profits of the infringement, whereas at law appellant could probably recover only nominal damages, owing to the fact that it had not granted licenses wherefrom a royalty might be fixed, and had not itself been engaged in the production or sale of the patented articles. The alleged facts, however, would seriously disturb this theory, since the bill discloses that a royalty under the agreement between these very parties was stipulated—five per cent. of the sale price of any railway dump cars embodying these inventions which were made or sold by appellee.

■ We cannot agree that equity jurisdiction would attach solely from a fact that under the practice in equity there is possibility of larger recovery than at law. If this fact alone conferred equitable jurisdiction, doubtless in most cases where the patent had expired the action for past infringement would be in equity.

In Root v. Railway Co., supra, the court would not adopt the view that a plaintiff's right to an account in equity may be based solely on the fiduciary relation between him and an infringer of his patent, saying: "That would be a reductio. ad absurdum, and, if accepted, would extend the jurisdiction of equity to every case of tort, where the wrongdoer had realized a pecuniary profit from his wrong."

■ We see no impropriety in the court's order denying the motion to dismiss the bill, and transferring the cause to the law side. The order is affirmed.