## BEAUNIT MILLS, Inc., v. EDAY FABRIC SALES CORPORATION et al.

### No. 124.

Circuit Court of Appeals, Second Circuit.

Jan. 7, 1942.

564

J. Stanley Preston, of New York City (Jeffery, Kimball & Eggleston, of New York City, on the brief), for plaintiff-appellee.

Charles Sonnenreich, of New York City, for defendants-appellants.

Before AUGUSTUS N. HAND, C. E. CLARK, and FRANK, Circuit Judges.

C. E. CLARK, Circuit Judge.

The question herein is whether or not an order refusing trial by jury constitutes a final and appealable judgment of the district court.

Plaintiff sued for a declaratory judgment and extensive injunctive and other relief against a patent, owned and used by defendants, for a method of knitting. Defendants counterclaimed for a judgment declaring the patent valid and infringed. They also filed demand for trial by jury of all the issues of both complaint and counterclaim. On separate motions by plaintiff the district court dismissed the counterclaim and then "annulled" defendants' jury demand because "no jury trial as matter of right attends plaintiff's cause of action," and "Counterclaim has been dismissed, no attempt has been made to show any other issue entitled to jury trial." This appeal is taken from this second or annulment order only. The record also shows, although its immediate pertinency is not stated, that thereafter defendants amended their answer to reiterate their counterclaim, but with allegations of and a prayer for $50,000 damages to the defendant who owns the patent.

Plaintiff has moved to dismiss this appeal as being taken from only an interlocutory, nonappealable order, and not the final order required by 28 U.S.C.A. § 225. Defendants, however, rely upon the case of Enelow v. New York Life Ins. Co., 293 U. S. 379, 55 S.Ct. 310, 79 L.Ed. 440, where, by ingenious reasoning based upon the then divided law and equity procedure of the federal courts, the Court held an order transferring an action from the law to the equity side of the court as the equivalent of an equity decree staying an action at law and hence appealable as an order granting an interlocutory injunction under 28 U.S. C.A. § 227.[1] But we think there are two complete answers to this contention: first, that this is not the Enelow case, and second, that the Enelow case is not applicable to present-day federal practice where law and equity are united in a single civil action, which affords all appropriate relief to all the litigants before the court.

First, this case is not the Enelow case, for this (if we use the old labels) is an equity action where the chancellor refuses to dismiss on a claim of want of equity because of adequacy of remedy at law. There was no practice whereby the chancellor enjoined himself to await an action at law. Rather, the matter came up on demurrer, whose overruling was purely interlocutory, until further action was had by the court. Clephane, Equity Pleading and Practice, 200, 232. This we have held in the exact situation now before us. Childs v. Ultramares Corp., 2 Cir., 40 F.2d 474, 478, 479. Defendants adroitly suggest that a jury demand under Rule 38, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, automatically removes the case to law, and that the judge's action in "annulling" the jury demand is therefore a removal back to equity, and hence an Enelow injunction. But this would convert into a binding and important judgment of the court what is only a device of convenience operated solely by the parties to enable jury waiver to operate smoothly and automatically. Advisory Committee's Notes to Federal Rule 38; James, Trial by Jury and the New Federal Rules of Procedure, 45 Yale L.J. 1022; Clark and Moore, A New Federal Civil Procedure—II. Pleadings and Parties, 44 Yale L.J. 1291–1299. Actually no court action is taken until the court, acting under the mandate of Rule 39(a), strikes the case from the jury list. As all

[1] So, also, in Shanferoke Coal & Supply Corp. v. Westchester Service Corp., 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583, and New York Life Ins. Co. v. Panagiotopoulos, 1 Cir., 80 F.2d 136. In Taylor v. Spurway, 5 Cir., 72 F.2d 97, and King Mechanism & Engineering Co. v. Western Wheeled Scraper Co., 7 Cir., 59 F.2d 546, the rule was carried over to the converse situation, where denial of an order of transfer from equity to law was held a denial of an interlocutory injunction.

the cases cited above concede, that is an interlocutory order, not appealable unless it can be brought under the limited right granted in the injunction cases. And we think the above analysis shows that by no standards can this order be considered either the grant or denial of an interlocutory injunction against an assumed, but obviously nonexistent, action "at law."

■ But even though this distinction is soundly buttressed in legal history, there remains, it must be conceded, little reason in modern district court practice why an interlocutory appeal should be denied in the one case if it is permitted in the other. Hence we turn to the second point, that the entire analysis is out of place for that united system of law and equity which the Supreme Court, acting under section 2 of the Enabling Act of June 19, 1934, c. 651, §§ 1, 2, 48 Stat. 1064, 28 U.S.C.A. §§ 723b, 723c, ordered as its initial step in fashioning the new rules (order of June 3, 1935, 295 U.S. 774) and which has been one of the most successful and useful accomplishments of that reform. Pike and Fischer, Pleadings and Jury Rights in the New Federal Procedure, 88 U. of Pa.L.Rev. 645, 665–670.[2] For it all presupposes two different systems of justice administered by separated tribunals, even if no more than different "sides" to the same court; and when that separation is abandoned, the premise upon which these cases depend is gone. Hence, as Professor Moore so succinctly demonstrates, the Enelow case cannot remain controlling after its basis has been removed. 3 Moore's Federal Practice 3025, 3026. Indeed, except as we resort to the old dichotomy, with all its useless complications so remote from our modern legal habits,[3] we lack any rationale to explain the concept of a judge enjoining himself when he merely decides upon the method he will follow in trying the case. The metamorphosis of a law judge into a hostile chancellor on the other "side" of the court could not have been overclear to the lay litigant under the divided procedure; but if now without even that fictitious sea change one judge in one form of action may split his judicial self at one instant into two mutually antagonistic parts, the litigant surely will think himself in Alice's Wonderland. We therefore hold the order not now appealable; error may, of course, be assigned as to it if review of final judgment is ultimately had.

■ This very case affords illustration of the practical advantages of discouraging such interlocutory appeals on matters which may well be moot after real adjudication is had. It is true that on issues of patent infringement a jury trial may be had under a claim for damages only, 35 U.S.C.A. § 67, as distinguished from a claim for injunction and accounting of profits. 35 U.S.C.A. § 70. Here, however, considering the complaint alone, it is framed along equitable lines looking to injunctive relief, both prohibitory and mandatory in character,[4] as well as an accounting, together with declaratory relief substantially as incidental thereto. This appears to stamp it as presenting equitable issues only, Bellavance v. Plastic-Craft Novelty Co., D.C.Mass., 30 F.Supp. 37, 39; and hence when the district judge acted, he was correct in denying jury trial. But this does not necessarily mean that a jury issue may not later develop. The appellee simply relies on the old discarded division when it asserts that a case begun as an "equity" suit remains as such, so that all rights of jury trial are thereafter waived by all the parties.[5] But there are no longer

---

[2] See, also, Hunter, One Year of Our Federal Rules, 5 Mo.L.Rev. 1, 4, 15; Ilsen and Hone, Federal Appellate Practice as Affected by the New Rules of Civil Procedure, 24 Minn.L.Rev. 1; McKenna, Trial by Jury under the Federal Rules, 29 Geo.L.J. 88, 102–105; Parker, Handling a Case under the New Federal Rules, 24 A.B.A.J. 793, 795; Yankwich, 1 F.R. D. 453, 464, 483; Montgomery, 1 F.R.D. 337, 338, 350; Rotwein, 8 Brooklyn L. Rev. 188, 191, 203; and cf. Fisher, A Vindication of Simplified Pleading, 35 Ill.L.Rev. 270, 273.

[3] For a listing of these complications, see 1 Moore's Federal Practice 109 et seq.; Clark and Moore, A New Federal Civil Procedure—I. The Background, 44 Yale L.J. 387, 415–439; Clark, The Challenge of a New Federal Civil Procedure, 20 Corn.L.Q. 443.

[4] Among other prayers, plaintiff asks that defendants be ordered to print various advertisements retracting their previous advertising.

[5] Relying on cases such as American Mills Co. v. American Surety Co., 260 U.S. 360, 43 S.Ct. 149, 67 L.Ed. 306 (filing a legal counterclaim in an equitable action waives jury trial), which are no longer applicable under the one civil action. 1 Moore's Federal Practice 131, 134, 671, 672; cases cited, Clark, Cases on Pleading and Procedure, 2d Ed.1940,

equity cases and law cases, and it is the issues, not the form of case, which now determine the method of trial. Federal Rules 38(b) and (c), 39(b); Pike and Fischer, loc. cit.; 3 Moore's Federal Practice 3004-3021, 3029, 3030.

 It may be that the issues tendered by plaintiff herein will be entirely decisive of all disputes, under the doctrine of Leach v. Ross Heater & Mfg. Co., 2 Cir., 104 F.2d 88.[6] If, however, issues of a legal nature are later developed, the question of jury trial will have to be determined in the light of the then status of the case. Compare Eastman Kodak Co. v. McAuley, D.C.S.D.N.Y., 2 F.R. D. 21; Great Northern Life Ins. Co. v. Vince, 6 Cir., 118 F.2d 232, 234. Professor Moore argues persuasively that when "the basic issue" is one which historically was for the jury, a jury demand should be respected, without regard to the party who has first made the claim; or, in other words, that the substance of the action as finally developed should control, not the circumstance of who first commenced it. 3 Moore's Federal Practice 3015, 3016. Compare discussion by Pike and

Fischer, supra, 88 U. of Pa.L.Rev. at pages 653, 654; Pacific Indemnity Co. v. McDonald, 9 Cir., 107 F.2d 446, 131 A.L.R. 208; 35 Ill.L.Rev. 339; 13 So.Calif.L.Rev. 170. But though such a rule may be generally sound and workable, it does not necessarily determine the result as to partially conflicting statutory remedies where the legislature has explicitly provided for damages as a concomitant of the equitable relief. 35 U. S.C.A. § 70. It may not be amiss to conclude there that, in the old phraseology, equity having assumed jurisdiction should go on to afford complete relief. Clark v. Wooster, 119 U.S. 322, 7 S.Ct. 217, 30 L.Ed. 392; American Life Ins. Co. v. Stewart, 300 U.S. 203, 57 S.Ct. 377, 81 L.Ed. 605, 111 A.L.R. 1268; King Mechanism & Engineering Co. v. Western Wheeled Scraper Co., 7 Cir., 59 F.2d 546, 547; Keyes v. Pueblo Smelting & Refining Co., C.C.Colo., 31 F. 560.[7] How far this suggestion may be applicable to the defendants' later counterclaim which appears in this record is a matter which may well become moot as the proceedings go forward, and which we should not foreclose by decision at this time.

Appeal dismissed.

---

567. Appellee's supporting argument that the compulsory counterclaim rule, 13 (a), applies only to equitable claims (and hence that all counterclaims which must be filed are therefore necessarily equitable) must be rejected for the same reason. Advisory Committee's Notes to Rule 13(a); Union Central Life Ins. Co. v. Burger, D.C.S.D.N.Y., 27 F.Supp. 554.

6 Cf. Comm., Counterclaim for Declaratory Relief on Matters Already in Issue, 2 Fed.Rules Serv. 646.

7 Generally the basic issue test will coincide with and support the historical test (i. e., what was the actual practice under the divided procedure). But at times they may conflict or at least suggest differing trends, notably where formerly the chancellor was disposed to retain an equity cause to afford complete relief even of the kind ordinarily given at law. How far the

chancellor would go in this direction was often a subject of dispute; witness the conflicting cases as to trial of title to land in an injunction suit. Roy v. Moore, 85 Conn. 159, 82 A. 233; Cardozo, J., dissenting in City of Syracuse v. Hogan, 234 N.Y. 457, 138 N.E. 406; Tide Water Pipe Co. v. Bell, 280 Pa. 104, 124 A. 351, 40 A.L.R. 1516; 56 U. of Pa.L.Rev. 289; 32 Yale L.J. 707; Walsh, Equity, 157–163. Professor Walsh argues that this rule should be given a liberal interpretation under code pleading with consequent restriction of the jury trial right. Walsh, op. cit. 165–172, and see McKenna, supra, 29 Geo.L.J. 88, 102, and 35 Ill.L. Rev. 339, 341, supra. Presumably such an argument would apply a priori to the extensive statutory remedy on patents of 35 U.S.C.A. § 70, which even has its own express provisions in 28 U.S.C.A. § 772 for a jury (of an advisory nature).