132

## NORTH AMERICAN PHILIPS CO., Inc. v. BROWNSHIELD.

United States District Court
S. D. New York.
Jan. 31, 1949.

Thomas R. Naughton, of New York City (Arthur G. Connolly, of Wilmington, Del., and Delavan P. Smith, of Irvington-on-Hudson, N.Y., of counsel), for plaintiff.

Harry Price, of New York City, for defendant.

KAUFMAN, District Judge.

The complaint alleges that during the war plaintiff designed, developed, manu-

factured and sold to the United States of America an electronic device, known as a loop assembly, under a contract between plaintiff and the United States of America; that during the period of the contract, plaintiff employed defendant as a mechanical design engineer; that defendant, during his employment by plaintiff, and by the use of information and material supplied by plaintiff, designed said loop assembly jointly with other employees of plaintiff; that plaintiff sold many of the loop assemblies to the government and, in accordance with the terms of its contract with the government, furnished the government and an independent contractor for the government with complete information on said loop assembly; that defendant's employment was terminated after the completion of the development of said loop assembly and that thereafter defendant wrongfully caused a patent covering said loop assembly to be issued to him as the sole inventor thereof; that defendant has threatened to sue plaintiff on the ground that, prior to the issuance of said patent, plaintiff made use of, and disclosed to others, information concerning the loop assembly, and on the further ground that plaintiff infringed said patent after the issuance thereof.

The complaint further alleges that defendant was not the original inventor of any material part of the device; that defendant misappropriated the subject matter thereof from plaintiff during his employment with plaintiff; that the alleged invention constituted nothing but the application of well known technical skill and judgment and was used by others in this country before defendant made his alleged invention; and that by reason thereof the patent is invalid and unenforceable.

Plaintiff sues for a declaratory judgment (1) that defendant has no right to the subject matter of the loop assembly; (2) that in obtaining the patent, defendant violated the relationship of trust and confidence existing between him and plaintiff, and (3) that the patent is invalid.

Plaintiff also seeks a decree compelling the assignment of the patent to it; that the patent be held to be unenforceable as against it; that defendant be restrained from charging that plaintiff has violated

any right of defendant, and for an accounting.

Defendant counterclaims for a judgment declaring (1) the patent to be valid; (2) that the plaintiff infringed the patent; and (3) that plaintiff is guilty of unjust enrichment in using, selling and disposing of property of defendant, and in receiving large profits which in justice and in equity belong to defendant. Defendant asks for damages in the sum of $50,000.

Defendant filed a demand for a trial by a jury as to all the issues involved.

Five motions are now presented for consideration.

### By Plaintiff

1. To strike defendant's demand for a jury trial;

2. For summary judgment as to part of defendant's counterclaim;

3. To terminate the deposition of one Homer G. Boyle.

### By Defendant

4. To bring in Harvey-Wells Electronics, Inc., as party defendant;

5. To compel Homer G. Boyle to answer certain questions propounded to him in the taking of his deposition.

■ The complaint is framed along equitable lines. Plaintiff is seeking injunctive relief, both prohibitory and mandatory in character, as well as an accounting together with declaratory relief as incidental thereto. This, as Judge Clark said in Beaunit Mills, Inc., v. Eday Fabrics Sales Corporation, 2 Cir., 124 F.2d 563, 565, "appears to stamp [the suit] as presenting equitable issues only."

On the questions thus raised, plaintiff would not be entitled to a trial by jury and has not sought one.

The counterclaim interposed by defendant seeks a declaration that the patent is valid and infringed by plaintiff, and damages by reason of plaintiff's unjust enrichment in using, selling and disposing of defendant's property. The issues raised by the answer to the complaint may be completely determinative of all of the questions involved. If, however, issues raised by the counterclaim, of a legal nature, survive the issues raised by the complaint and answer,

such issues may be the subject of a jury trial. Beaunit Mills, Inc., v. Eday Fabrics Sales Corporation, supra, 124 F.2d at page 566; see Bellavance v. Plastic-Craft Novelty Co., D.C., 30 F.Supp. 37; 35 U.S.C.A. § 70.

Plaintiff's motion to strike the cause from the jury calendar is granted, without prejudice to an application by defendant at the appropriate time for a trial by jury of any legal issues arising under the counterclaim, which are not tried by the court as incidental to any equitable issues which may be raised by the counterclaim, and which are not finally determined upon the issues raised by the answer to the complaint.

■ Defendant's motion to bring in Harvey-Wells Electronics, Inc. (hereinafter referred to as Harvey-Wells) as an additional and third party defendant is made under Rules 13(h) and 14(a) of the Federal Rules of Civil Procedure, 28 U.S. C.A. The counterclaim does not seek to hold Harvey-Wells liable for all or part of the claim asserted against defendant by plaintiff. Under these circumstances, Rule 14(a) is inapplicable. King v. Edward B. Marks Music Corporation, D.C., 56 F.Supp. 446, 448; 1 Moore's Federal Practice § 13.09, p. 730.

As to the proposed defendant Harvey-Wells, the counterclaim alleges that jurisdiction arises by virtue of diversity of citizenship and that it is a suit under the Sherman and Clayton Acts, 15 U.S.C.A. §§ 1–7, 15 note, 12 et seq.; 28 U.S.C.A. §§ 41(1), 41(23), [now §§ 1332, 1337], and that Harvey-Wells is a Massachusetts corporation doing business at 161 West 16th Street, New York, New York. An affidavit by the vice-president of Harvey-Wells, denying this allegation, states that Harvey-Wells is a Massachusetts corporation, whose only office and factory is at Southbridge, Massachusetts; that it never qualified to do business in New York; that it has never conducted any business in New York, and that it has never maintained any office or factory in New York; that although the New York telephone directory lists a telephone under its name at 161 West 16th Street, that address is the residence of an independent distributor of products manufactured by Harvey-Wells; that authorization was given to this distributor to list the name of Harvey-Wells in the phone book inasmuch as the corporation maintains no offices in New York; that no part of the rent or other expenses in connection with the apartment is paid by Harvey-Wells, and that the corporation has no employees within this state.

Defendant has made no attempt to deny the allegations contained in that affidavit, although a copy thereof was served on the attorneys for the plaintiff nearly a month prior to the hearing of the motion.

■ In the circumstances, I accept these allegations as true, and since it is evident therefrom that service of process on Harvey-Wells within this jurisdiction cannot be affected, jurisdiction over the corporation, in so far as it is predicated on diversity of citizenship, cannot be obtained.

■ Defendant contends also, that since jurisdiction as to the counterclaim arises under 28 U.S.C.A. § 41(23) [now § 1337], it would be proper to add Harvey-Wells as a party defendant inasmuch as 15 U.S.C.A. § 22 permits service to be made on the corporation "in the district of which it is an inhabitant, or wherever it may be found."

This, however, presupposes that the counterclaim states a claim under the Anti-Trust Laws. The only allegation in the entire counterclaim with reference to the Anti-Trust Laws is paragraph 47, which reads as follows:

"Said plaintiff, in conjunction with Harvey-Wells Electronics, Inc. and others, has conspired to and has sought to exclude defendant from commercializing and merchandising the subject matter of Patent No. 2,381,334 and has succeeded in setting up a monopoly in the subject matter thereof, wherefor defendant and his associates have been barred and prevented from entering said field and commercializing and merchandising the subject matter thereof, wherefore plaintiff and Harvey-Wells Electronics, Inc. have been guilty of violation of the Sherman and Clayton Acts."

It is plain that no claim under the Anti-Trust Laws is stated in the counterclaim. Mere allegation by the pleader that the

Sherman and Clayton Acts have been violated is not sufficient to constitute a sufficient statement of claim. It does not appear from the pleadings that the alleged conspiracy was in restraint of trade or commerce, nor is there any allegation that the defendant has been damaged by the alleged conspiracy.

It is clear that jurisdiction over Harvey-Wells cannot be obtained and, therefore, the motion to add it as an additional defendant is denied. Rule 13(h), Federal Rules of Civil Procedure.

Plaintiff's motion for summary judgment as to part of defendant's counterclaim is denied.

The motion to terminate the examination of Homer G. Boyle and the cross-motion to compel answers to questions propounded to him during the course of the deposition have been disposed of at a hearing in Chambers on January 28, 1949.

Settle order on notice.