## ROSANNA KNITTED SPORTSWEAR, Inc.
## v. LASS O'SCOTLAND, Ltd. et al.

United States District Court
S. D. New York.

Nov. 18, 1952.

Shlivek & Brin, New York City, by Max Shlivek, New York City, for plaintiff.

Bader & Bader, New York City by I. Walton Bader, New York City, for defendants.

McGOHEY, District Judge.

The plaintiff moves (1) to strike the defendants' demand for a jury trial, (2) to modify a notice to take depositions, and (3) to quash a subpoena duces tecum.

The action is for a declaratory judgment of invalidity and non-infringement of defendants' patent and for an injunction. The defendants in a counterclaim allege infringement of their patent by the plaintiff and seek damages totaling $1,200,000.

It seems clear from the decisions in this Circuit, that on a motion to strike a jury demand the test is whether the basic nature of the complaint is legal or equitable. If legal, the demand must stand;[1] if equitable, the demand will not survive a motion to strike.[2] And this is so even though the demand is based on a counterclaim presenting legal issues. In that situation, however, the striking must be without prejudice to an application to the trial judge for trial by a jury of any legal is-

1. Ring v. Spina, 2 Cir., 166 F.2d 546.

2. Beaunit Mills, Inc. v. Eday Fabric Sales Corp., 2 Cir., 124 F.2d 563.

sues which may remain undetermined after the disposition of the equitable issues.[3]

The defendants urge as decisive here, District Court decisions in Pennsylvania,[4] Delaware[5] and New York[6] which in cases similar to this allowed the demand to stand. The first two applied the "basic issue test" favored by Professor Moore.[7] In the third, while that test is not mentioned as such, it appears clearly enough to be the basis of decision. In Beaunit Mills, Inc., v. Eday Fabric Sales Corp.,[8] the Court of Appeals for this Circuit, after discussing the "basic issue test", seems to disapprove it for cases like the instant one "where the legislature has explicitly provided for damages as a concomitant of the equitable relief. 35 U.S.C.A. § 70." [9]

 Accordingly, the motion to strike the jury demand is granted, but without prejudice to an application to the trial court for a jury trial of any legal issues raised by the counterclaim if any such remain undetermined after the disposition of the equitable issues tendered by the complaint.

The defendants' notice to examine the plaintiff proposes to do so by examining not only its four principal officers: President, Vice-President, Secretary and Treasurer, but also its "bookkeeper and sales manager, as well as any other officers and employees familiar with the facts." This catchall was accompanied by an omnibus subpoena duces tecum which if enforced would require moving all the plaintiff's files, books and records to the office of the defendants' attorneys on the day all of the above-named are required to appear. This constitutes abuse of the discovery process. The notice is vacated and the subpoena is quashed with leave to the defendants to proceed anew, in reasonable compliance with the purpose of the rules which is not the harassment of adversaries but the discovery of truth.

Settle order.

3. North American Philips Co., Inc., v. Brownshield, D.C.S.D.N.Y., 9 F.R.D. 132.

4. Ryan Distributing Corp. v. Caley, D.C. E.D.Pa., 51 F.Supp. 377.

5. General Motors Corp. v. California Research Corp., D.C.Del., 9 F.R.D. 565.

6. Lisle Mills v. Arkay Infants Wear, D.C. E.D.N.Y., 90 F.Supp. 676.

7. 5 Moore's Fed. Practice, 2d Ed., § 38.29.

