**RELIABLE MACHINE WORKS, Inc.,**
Plaintiff,

v.

**Eugene UNGER and Adolph Hart,**
Defendants.

United States District Court
S. D. New York.

July 3, 1956.

See also, 18 F.R.D. 485.

James & Franklin, New York City, for plaintiff, Maxwell James, New York City, of counsel.

Harry Price, New York City, for defendant.

DIMOCK, District Judge.

Plaintiff moves to dismiss portions of defendants' counterclaims and to strike defendants' demands for a jury trial. Plaintiff's complaint is one for patent infringement and demands an injunction, an accounting, and damages. Included in the complaint is an allegation that defendants are estopped from questioning the validity of plaintiff's patent. Plaintiff's claim of estoppel seems to be based on a consent decree, stipulation for entry of a consent decree and agreement, between plaintiff and a corporation, Furtex Machine Corp. of America, by its President and controlling stockholder, Eugene Unger, a defendant herein. While copies of these three documents are not attached to plaintiff's amended complaint, they were affixed to the original complaint which contained a similar allegation of estoppel.

Both defendants deny the material allegations of the complaint. In addition, each defendant includes a counterclaim in his answer. It is to portions of these counterclaims that plaintiff's motion to dismiss is directed. I need not consider that part of plaintiff's motion since both defendants have requested leave to file amended counterclaims. Plaintiff has filed objections to granting defendants such leave on the ground of insufficiency of the allegations. It will, however, facilitate complete determination of the procedural questions in the case if I treat the amended counterclaims as allowed and then consider the motion to dismiss the counterclaims as addressed to the amended counterclaims.

Defendant Adolph Hart's counterclaim contains, in substance, three separate claims: (1) for a declaratory judgment that the consent decree, stipulation, and agreement on which plaintiff bases its claim of estoppel, are in violation of the anti-trust laws; (2) for a declaratory judgment that plaintiff's patent is void and not infringed by defendant Adolph Hart's products; and (3) for damages for unfair competition and monopolistic activities of plaintiff in violation of the anti-trust laws resulting from plaintiff's attempt to monopolize the production and sale of textile machinery. Defendant Eugene Unger's counterclaim requests a declaratory judgment "declaring the status of said agreement, consent decree and stipulation."

Plaintiff concedes the sufficiency of the allegations in defendant Hart's counterclaim relating to a declaratory judgment as to the issues of infringement and validity and the allegations relating to unfair competition. Plaintiff thus questions only the allegations of violation of the anti-trust laws and the allegations related to the request for a declaratory judgment as to the illegality of the consent decree, stipulation and agreement.

■■ On a motion to dismiss I must accept the allegations of the counterclaim as true. Defendant Hart alleges that plaintiff knew it had no valid patents, that it endeavored to and has created a monopoly in interstate commerce through claims of patent rights and the device

of price-fixing and that the result has been injury to defendant. These allegations set forth a valid claim for violation of the anti-trust laws.

 Defendant Hart's allegations related to the consent decree, stipulation, and agreement, if read absolutely literally, ask for a declaratory judgment that a decree of this court and the underlying documents on which the decree rests be held invalid as violative of the anti-trust laws. This, in effect, would be a collateral attack upon a judgment of this court. That is not permitted. Harvey v. Tyler, 2 Wall. 328, 341–342, 17 L.Ed. 871; Mayor, etc., of City of Helena v. United States, 9 Cir., 104 F. 113, 116. However, interpreting defendant Hart's allegations liberally in this regard, as I am required to do by Dioguardi v. Durning, 2 Cir., 139 F.2d 774, it can be said that he is also requesting a declaratory judgment that the consent decree, stipulation and agreement are not binding on him since he was not a party to that action and that, in any event, these three documents do not apply to the products involved in plaintiff's allegations. Thus interpreted, defendant Hart's counterclaim sets forth a valid claim for a declaratory judgment as to the effect of a judgment. Such relief may be demanded under the Declaratory Judgments Act, 28 U.S.C. § 2201. Aetna Life Ins. Co. of Hartford, Conn. v. Martin, 8 Cir., 108 F.2d 824, 826.

 I now turn to the sufficiency of the allegations of defendant Unger's counterclaim. He, too, in essence, requests a declaratory judgment in respect to the status of the consent decree, stipulation, and agreement. He is entitled to request a declaration whether the decree is binding upon him in his individual capacity and whether it covers the products here in issue. Aetna Life Ins. Co. of Hartford, Conn. v. Martin, supra.

 I do not wish to convey the impression that the defendants are necessarily entitled to the declaratory judgments on the questions that they present. It may well turn out at trial, for example, that a declaratory judgment will be un-

necessary because a decision on the merits of the plaintiff's complaint will dispose of the entire controversy. This, however, does not warrant dismissal of the counterclaims for declaratory judgments at this time. Leach v. Ross Heater & Mfg. Co., 2 Cir., 104 F.2d 88, 91–92. The actual decision whether to render a declaratory judgment is within the sound discretion of the trial court. Eccles v. Peoples Bank, 333 U.S. 426, 431, 68 S.Ct. 641, 92 L.Ed. 784.

Since I have determined that defendants' counterclaims, except insofar as based on attack on the consent decree, are sufficient to withstand a motion to dismiss, I must consider plaintiff's motion to strike defendants' demand for a jury trial on the issues involved in the counterclaims.

 Where, as here, the complaint is equitable and the counterclaims legal, the decision on a demand for jury trial depends on an analysis of the basic issues of the case. Beaunit Mills, Inc., v. Eday Fabric Sales Corp., 2 Cir., 124 F.2d 563, 566; 5 Moore, Federal Practice par. 38.-16 (2nd ed. 1951). The basic issues of this case involve plaintiff's allegations that it has a valid patent, that defendants are estopped to deny the validity of the patent, and that defendants are infringing. It is beyond doubt, in view of plaintiff's demand for an injunction, that the issues of validity and infringement are triable by the court. These include the issue whether an otherwise valid patent has been rendered invalid by plaintiff's unfair competition and violation of the anti-trust acts. The question of estoppel through a prior judgment is also triable by the court where, as here, it is an element of an equitable claim. 5 Moore, Federal Practice, p. 308.

 These issues must be tried by the court. If legal issues do remain after the conclusion of the court trial on plaintiff's complaint, a demand for a jury trial on the counterclaims may then be made and considered in the light of the status of the case at that time. Beaunit Mills, Inc., v. Eday Fabric Sales Corp., 2 Cir., 124 F.2d 563, 566, supra;

729

North American Philips Co. v. Brownshield, D.C.S.D.N.Y., 9 F.R.D. 132.

To summarize: Defendants' motion for leave to file amended counterclaims is granted. Plaintiff's motion to dismiss portions of these amended counterclaims is denied except as to so much thereof as allege invalidity of the consent decree and as to that part the motion is granted. Plaintiff's motion to strike defendants' jury demand is granted without prejudice to renewal after a court trial as to the basic issues of this action.