Frank Peter **BALISTRIERI**, Plaintiff,

v.

John A. **HOLTZMAN**, Joseph E. O'Connell, Clark E. Lovrien, Alexander P. LeGrand, Monroe Teske, David Nelson, and the Wisconsin Telephone Company, a Wisconsin Corporation, Defendants.

No. 69–C–510.

United States District Court,
E. D. Wisconsin.

Feb. 1, 1971.

---

Joseph P. Balistrieri, Milwaukee, Wis., for plaintiff.

William J. Mulligan, Marvin E. Klitsner, Milwaukee, Wis., for Wis. Tel. Co., Monroe Teske and David Nelson.

Neil R. Peterson, Dept. of Justice, Washington, D. C., Richard E. Reilly, Asst. U. S. Atty., Milwaukee, Wis., for John A. Holtzman, Joseph E. O'Connell and Alexander P. LeGrand.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

On the application of the plaintiff, this court temporarily stayed the oral depositions which were scheduled to be taken of 16 witnesses, none of whom is a party to this action. After a hearing on the matter, the court further stayed the holding of the said depositions. Briefs on the subject have been presented by opposing counsel.

An element of ambiguity surrounds the fact that the original stay was granted at the instance of plaintiff's counsel, but in his brief, such counsel purports to "represent" certain of the prospective witnesses. It is my belief that the present motion is to be construed as one made, not by the witnesses, but by the plaintiff, and that he seeks a protective order as to only 13 of the 16 prospective witnesses.

Through their counsel, the defendants Holtzman, O'Connell and LeGrand argue that the provisional stay granted by this court was erroneous, and that no protective order was appropriate because the plaintiff has not supported his application with affidavits or otherwise demonstrated that he has good cause for seeking a protective order. The interim protective order was entered pursuant to Rule 26(c), Federal Rules of Civil Procedure, because of the court's concern that there might be "annoyance, embarrassment, oppression or undue burden" upon one or more of the 16 proposed witnesses.

In view of my familiarity with previous discovery procedures in this case, and in view of the broad, sweeping discovery contemplated, I determined, upon the plaintiff's motion, that justice required the court to consider whether the proposed discovery qualified within the scope of 26(b) (1), Federal Rules of Civil Procedure. The "good cause" contemplated in § 26(c) appeared by reason of the magnitude of the proposed discovery and the court's past experience with the proceedings of the instant case. The extent of these defendants' enthusiasm is suggested by the fact that their attorney has filed 194 pages of briefs in regard to the instant motion.

It is my conclusion that the court should vacate the protective order as to certain of the proposed witnesses and continue it as to others. The order will be vacated as to the three individuals as to whom the plaintiff has not asked for a continuation of the stay. They are Kenneth H. Read, Salvatore J. Cefalu and Santo Marino. In addition, I have determined that the stay should be terminated as to Salvatore J. Dentice, August Chiaverotti, Walter Brocca and Jennie Alioto.

On the other hand, the stay will be continued as to Rose Palmesano, Joseph Balistrieri, Rudolph Porchetta, James R. Jennaro, Paul Bogosian, Carl J. Dentice, Peter F. Picciorru, Joseph Maniaci, and Joseph Caminiti. As to the latter individuals, the court finds that justice requires the entry of an order protecting them from the oppression and undue burden of being compelled to submit to oral discovery proceedings at the instance of the defendants. In my opin-

ion, their interrogation by the defendants would harass the plaintiff *and* the proposed witnesses rather than lead the defendants to relevant evidence. Rosanna Knitted Sportswear, Inc. v. Lass O' Scotland, 13 F.R.D. 325, 326 (S.D.N.Y. 1952).

Now, therefore, it is ordered that the temporary stay ordered by this court on September 23, 1970 be ended or continued as described above.