## PALMER *v.* TRAVERS.

*(Circuit Court, S. D. New York.* June 6, 1884.)

PATENTS FOR INVENTION—THREATENING SUITS FOR INFRINGEMENT—INJUNCTION.
    Courts of equity have no jurisdiction of libel or slander affecting title to a patent or patent-right, or any other slander or libel, unless threatened or apprehended repetition make preventive relief proper and necessary. The remedy for past injuries of that nature is an action at law.

In Equity.
*Edwin H. Brown,* for orator.
*Louis W. Frost,* for defendant.
WHEELER, J. This suit is brought upon written representations to dealers in hammocks that hammocks made by the orator infringe a patent of the defendant, and threats of suit for the infringement, contained in letters from the defendant's attorneys addressed to such dealers. The bill does not allege that the defendant threatens, nor that the orator believes he intends to continue such representations or threats, nor even that the orator fears he will. The proof does not go, in this respect, beyond the bill. These representations by letters addressed to persons or firms do not import that they are to be continued, as circulars or advertisements inserted in stated continuous publications might, but each is complete in itself and stands by itself. Courts of equity have no jurisdiction of libel or slander affecting title to property or property rights, or any other slander or libel, unless threatened or apprehended repetition makes preventive relief proper and necessary. The remedy for past injuries of that nature is un-

derstood to be wholly at law. On the allegations and proofs here, the orator might, and might not, be entitled to maintain an action at law for these representations and threats and their consequent damage. But whether he would or not, he is not entitled to maintain a suit in equity merely for an account of such damage. An account might follow, as it does in patent and other cases, if the equitable right to an injunction was made out. There must be some ground for equitable relief before a court of equity will grant any relief. *N. Y. Guaranty Co.* v. *Memphis Water Co.* 106 U. S. 205; S. C. 2 Sup. Ct. Rep. 279. No ground for such relief is claimed here, except the right to an injunction; and no ground for an injunction appears, for nothing a court of equity would prevent is shown to be impending.

Let there be a decree dismissing the bill of complaint, with costs.