### SWEET v. G. W. BROMLEY & CO.

#### (Circuit Court, E. D. Pennsylvania. June 12, 1907.)

#### No. 12, April Session, 1907.

**1. COPYRIGHT—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.**

Under the rule that, to warrant the granting of a preliminary injunction, the facts must be clear, and the equities growing out of them in no doubt, such an injunction will not be granted in favor of one of two rival publishers of information respecting real estate transfers in a city to restrain the sale of a publication by the other, on the ground that it contains pirated copyrighted matter, where the piracy is denied, as well as the right of complainant to copyright the matter, and a counter charge of piracy is also made in the same connection, and where, moreover, the alleged infringing publication is a year old.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Copyrights, § 78.]

**2. SAME—FUTURE NUMBERS OF PERIODICAL.**

Nor will a preliminary injunction be granted to restrain infringement of the copyright of future numbers of a periodical publication which have not yet been published or copyrighted.

**3. SAME—INSPECIFIC OR ARGUMENTATIVE INJUNCTION.**

Semble, that an injunction simply in terms restraining the defendants from making any unlawful use of the complainants' publication would be open to the objection that it was argumentative and inspecific; the defendants being entitled to be informed with reasonable certainty of what they are forbidden to do.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Copyrights, § 79.]

In Equity. On motion for preliminary injunction.

Joseph Day Lee, for the motion.

Charles N. Butler and Francis C. Cantrell, opposed.

ARCHBALD, District Judge.[1] Whatever may appear when it comes to a final hearing, the case as it stands is not one for a preliminary injunction. In order to warrant that, as is well known, the facts must be clear, and the equities growing out of them in no doubt, which cannot be said at present of what we have here. The defendants deny the piracy charged. They also question the right of the complainant to copyright the matters in controversy. As to a large part of them at least, the notice of copyright, necessary to secure the

---

[1] Specially assigned.

protection of the law, admittedly was not given. A countercharge of. piracy from certain copyrighted works·of the defendants, in the same connection, is made. And the main publication sought to be enjoined, is over a year old, suggesting that no great injury is likely to result from delay. There are also a number of minor matters, which may need to be looked into, to which it is not necessary to refer. Nor can. it be said that the issues so made are merely for the occasion, and without substance; the only purpose being to raise a doubt and so· escape. It is true that, by the repetition of mistakes in the defend- ants' work, some of which were designedly made by the complainant, there is proof of an appropriation, which a mere denial, or the as- sertion of independent recourse to original sources of information, hardly overcomes. And in this essential particular the complainant's· case is more satisfactory than in others. It is true also that a pre- liminary injunction to restrain the publication of current and coming. sheets of the defendants' periodical, by which the record of real es- tate transfers is brought down to date, might call for immediate ac- tion, where the enjoining of the sale of the "Owners Guide," issued· in 1906, which they supplement, would not. But the other matters. remain, and require more consideration than can be given on motion, at the threshold of the case, with the facts only partially and im- perfectly developed. The case in its nature also is one which calls. for great care. The parties, as it appears, are rivals in the business of furnishing information as to real estate transfers in the city of New York to the building trade. By the injunction now sought, the court is asked to tie the hands of the one, for the benefit, or at least at the instance, of the other, and that, as to alleged piracies, which have been long standing, open, and well known. It may be that, in the end, this· will have to be done, but not now, without the clearest showing, lest the court thereby lend itself to the mere securing of a business ad- vantage.

The motion for a preliminary injunction is overruled.

### On Renewal of Motion.
#### (July 9, 1907.)

Ernest Howard Hunter (Joseph Day Lee, with him), for the motion. Charles N. Butler (Francis C. Cantrell, with him), opposed.

ARCHBALD, District Judge.[1] The motion for a preliminary in- junction, which was recently refused, is renewed; the piracy, as it is. charged, being continued, and that which is now asked for being limit- ed to current and coming publications. Assuming that the appropri- ation of the complainant's work is established by the repetition by de- fendants of intentional errors, made by the complainant for the pur- pose of detection, there is still considerable difficulty in dealing with· the subject. The problem is to reach and prevent future acts of in- fringement, such as are aimed at. But as to these it is to be observed· that it is only copyrighted matters that are protected, and not, there- fore, until there has been an actual publication and proper steps taken,

---

[1] Specially assigned.

to copyright it, is a case presented in which the court can interfere. In advance of this, it would have to be assumed, not only that the complainant would duly copyright his work and give notice of it, but that the defendants would continue to draw upon it, notwithstanding the warning so given. The facts from which the complainant's lists of real estate transfers are made up are also public, and therefore open to the defendants, provided they gather the information for themselves from original sources, and do not appropriate the protected work of the complainant.

It is out of these features that the difficulty arises. It is suggested that they may be met and obviated by simply restraining the defendants from making any unlawful use of the compilation which the complainant publishes. But the defendants are entitled to be informed with reasonable certainty of what they are forbidden to do. Swift v. United States, 196 U. S. 375, 401, 25 Sup. Ct. 276, 49 L. Ed. 518. And an injunction in this form would be open to the objection that it was argumentative and inspecific. So also would an order, prohibiting them from making use of any duly copyrighted matter from the publication referred to, which not only would have to assume, as just pointed out, that the complainant would copyright his work, but would also throw upon the defendants the duty of determining whether he had done so. Even if all this were overcome, there would still be the counter charge of infringement, set up by the defendants, to which allusion was made in the former opinion, which, although not so definite as it might be, is not without weight in the general consideration; it being hardly to be expected that a court of equity would enforce in favor of the complainant a law which he himself disregards, if that in fact be the case.

Under all the circumstances, I do not see my way to allow even the modified form of injunction which is asked for, and the motion is therefore refused.

