## METRO–GOLDWYN–MAYER DISTRIBUTING CORPORATION v. FISHER.
### No. 44.

District Court, D. Maryland, at Cumberland.
May 20, 1935.

Cook & Markell and E. A. Smith, all of Baltimore, Md., for plaintiff in both cases.

Wm. C. Walsh, of Baltimore, Md., and Wm. M. Somerville, of Cumberland, Md., for defendant.

CHESNUT, District Judge.

This case involves the Federal Copyright Laws (USCA, title 17). The plaintiff, engaged in the business of producing, distributing, exhibiting and licensing, under copyright, the use of motion pictures for performances and exhibitions thereof, seeks in this case to enjoin the defendant, the owner of a motion picture theatre in Cumberland, Maryland, known as the Capitol Theatre, from infringing the plaintiff's copyrighted motion pictures and for discovery with regard to alleged past infringements and for damages.

The motion to dismiss is put chiefly on the following grounds:

(a) The plaintiff's remedy is at law and not in equity.

(b) The facts alleged in the bill afford no proper basis for the issuance of an injunction.

(c) There is a misjoinder of causes of action because it is said the plaintiff is seeking redress for alleged violations of the copyright law covering motion picture photoplays (which it is conceded are protected by the copyright law) and also covering motion pictures other than photoplays (which it is said are not protected by the copyright law).

As to the last-mentioned ground for dismissing the bill, it may at once be said that it is insufficient because the defendant concedes that some of the alleged copyrighted motion pictures can properly be classed as photoplays and the contention that others are not within the class of photoplays does not clearly appear from the bill. In addition the distinction between the two classes of motion pictures and the rights of protection afforded to them respectively by the Copyright Act is a question of substantial law of admitted real difficulty which should not be decided merely on motion to dismiss but should be reserved for fuller evidence. Vitagraph, Inc., v. Grobaski, 46 F.(2d) 813 (D. C. Mich.).

Whether the latter class of motion pictures are subject to the special protection given by the copyright law was considered but left open in Judge Coleman's excellent and extended opinion (practically a pioneer on the subject) in Tiffany Productions v. Dewing, 50 F.(2d) 911 (D. C. Md.); and likewise left unanswered in Metro-Goldwyn-Mayer Dist. Corp. v. Bijou Theatre Co., 59 F.(2d) 70 (C. C. A. 1), reversing (D. C.) 50 F.(2d) 908. See, also, for continuation of the same case (D. C.) 3 F. Supp. 66, and the somewhat kindred case of Pathe Exchange, Inc., v. International Alliance, 3 F. Supp. 63 (D. C. N. Y.).

The other grounds for the motion, that the bill does not state a case for injunction, and that the plaintiff's remedy is properly at law and not in equity, are more substantial. They require a condensed analysis of the bill. In substance what is alleged, in addition to the respective businesses of the parties, is that on certain days in the year 1933 the defendant exhibited (each for one day) five motion pictures copyrighted by the plaintiff at her theatre in Cumberland without license or permission from the plaintiff to do so. The bill of complaint was not filed until February 20, 1935. It is not alleged in the bill just how the defendant came into possession of the films for the unauthorized exhibitions; nor is it alleged that the defendant is still in possession of the said films or has any power or ability to commit further violations of the copyrights. Nor is it alleged that the defendant is threatening further violations, nor are there any facts alleged from which it is reasonably inferable that the defendant has any intention or disposition to commit further infringements. The relations of the parties are, however, further disclosed by agreements of counsel for them as expressed at the recent oral argument of the motions. It there appeared that the plaintiff and defendant have contractual arrangements whereby for certain payments to be made, the defendant is licensed to exhibit various copyrighted films distributed by the plaintiff limited to certain prescribed dates; and it is said that the exhibitions set up as infringements were on dates either prior or subsequent to the permitted dates of exhibition. It was further explained that the reasons for the strict limitation to the authorized dates of exhibition arose from the fact that the plaintiff was under contractual arrangements with other motion picture theatres to deliver the same films to them on particular dates, and that holding the films by the defendant longer than authorized might cause loss and damage to the plaintiff from inability to perform contractual arrangements with other motion picture theatre proprietors; and similarly the exhibition of the pictures by the defendant prior to the authorized dates would interfere with the exclusive privilege for said earlier dates given by the plaintiff to others. From this relationship of the parties it is clearly inferable (in connection with the absence of averments in the bill to the contrary) that the defendant is no longer in possession of the films which, it is said, were improperly exhibited in 1933. It is also inferable from the bill that the contractual relations between the parties are still continuing; but the plaintiff's delay in instituting suit for more than a year after the alleged violation is not explained.

At the argument of the case I expressed the tentative opinion that under the circumstances stated the plaintiff was not entitled to an injunction although the facts alleged in the bill would constitute the proper basis for a suit at law for damages under the copyright law; and that therefore the appropriate procedure at the present time would be to transfer the suit from equity to the law side of the court. Upon further study of the papers and examination of the authorities I am confirmed in this view of the matter. I find that the Circuit Court of Appeals for this Circuit approved this treatment of quite a similar case. Pathe Exchange v. Dalke, 49 F.(2d) 161 (C. C. A. 4). In that case the relationship of the parties and the facts were apparently substantially the same as those presented in the present case. There was, however, the difference that in the Pathe Case the plaintiff's bill in equity apparently did not ask for an injunction although it did ask for an accounting which, however, in Judge Northcott's opinion, speaking for the Court, was not sufficient to give equitable jurisdiction. But in my opinion this difference between the two cases is not controlling because here, while the injunction is asked for, the factual situation, whether limited to the averments of the bill or as supplemented by the agreements of counsel expressed at the argument, clearly do not warrant the issuance of an injunction. It needs no argument to show that the mere prayer for an injunction without the averment of facts justifying it is not sufficient to confer equitable jurisdiction.

Plaintiff's counsel relies on certain sections of the Copyright Act in support of injunctive relief. Section 25 of title 17 USCA provides:

"If any person shall infringe the copyright in any work protected under the copyright laws of the United States such person shall be liable: (a) To an injunction restraining such infringement."

And section 27 provides:

"The proceedings for an injunction, damages, and profits, and those for the seizure of infringed copies, plates, molds, matrices, etc., aforementioned, may be united in one action."

And section 36 provides:

"Any such court or judge thereof shall have power, upon bill in equity filed by any party aggrieved, to grant injunctions to prevent and restrain the violation of any right secured by this title, according to the course and principles of courts of equity, on such terms as said court or judge may deem reasonable."

It seems to be plaintiff's contention that any past infringement by the defendant of any particular copyrighted motion picture film would justify a present issuance of an injunction against the defendant from infringement of any other films whether now or hereafter to be copyrighted by the plaintiff and subsequently furnished to the defendant under contractual arrangements for exhibition. And this contention is apparently made even though the bill does not expressly set up the contractual arrangements and the contracts themselves are not filed as exhibits.

In my opinion the authority contained in the copyright law in general terms for the protection of copyright owners by injunction is not to be construed as authorizing the issuance of injunctions except in accordance with the settled principles on which courts of equity historically and now habitually exercise this extraordinary jurisdiction. And indeed section 36 above quoted expressly so provides in the phrase "according to the course and principles of courts of equity." In the analogous field of patent law, it would hardly be contended that because a defendant in the past had violated a particular patent he should be enjoined thereafter from violating any other patent which the plaintiff might secure. The violation of a copyright is classed as a tort and for injunctive purposes may be considered analogous to trespassing on real estate. It is, of course, well settled that in the latter class of cases injunctions do not issue unless to prevent continuous trespassing or a threatened trespass. Swan Island Club v. Ansell, 51 F.(2d) 337, 339 (C. C. A. 4); Fidler v. Roberts, 41 F.(2d) 305, 308 (C. C. A. 7); 92 A. L. R. 581; 32 A. L. R. 465. The use of injunctions in copyright cases seems to be no different. Atlantic Monthly Co. v. Post Pub. Co. (D. C.) 27 F.(2d) 556; Sweet v. G. W. Bromley & Co. (C. C.) 154 F. 754; Historical Pub. Co. v. Jones Bros. Pub. Co. (C. C. A.) 231 F. 638; Eichel v. Marcin (D. C.) 241 F. 404.

In Metro-Goldwyn-Mayer Dist. Corp. v. Bijou Theatre Co. (D. C.) 50 F.(2d) 908, Id. (C. C. A.) 59 F.(2d) 70; Id. (D. C.) 3 F. Supp. 66, the question as to whether the plaintiff was entitled in a similar situation to an injunction was raised on a motion to dismiss but apparently was left open for further consideration after hearing full testimony. In Tiffany Productions v. Dewing (D. C.) 50 F.(2d) 911, Judge Coleman issued an injunction after final hearing and also awarded damages. It does not appear from the opinion that the question of procedure now discussed was there stressed. An examination of the papers in the case indicates that the point was overruled on motion to dismiss but the factual situation was apparently more favorable to the plaintiff than exists here. The ruling on the motion was also prior to the decision of the Court of Appeals in the Pathe Case, supra.

Here the defendant is expressly insisting on her right to a jury trial of the facts of alleged infringement set up in the bill and it seems impossible to deny her right in that respect under the Seventh Amendment, where there is no equitable right to an injunction appearing on the face of the bill. It is true there is also a prayer in the bill for discovery but only in the most general terms to wit: "To discover to the plaintiff all facts, and documents material to the support of the cause or causes or action herein, in accordance with the equity rules as prescribed by the Supreme Court of the United States, including the production, exhibition, and inspection of all books, papers and accounts in the possession or control of the defendant relative thereto," without further specific averments in the bill as to the existence in fact of any books, papers or accounts in the possession of the defendant which would be material to the

plaintiff's cause of action. I think this prayer adds nothing of substance in support of the equitable jurisdiction just as the mere prayer for an accounting in the Pathe Case was held by the Court of Appeals not to confer equitable jurisdiction in a similar case.

At the hearing defendant's counsel indicated that if the tentative view then expressed, that the case should be transferred to the law docket, should be adhered to after further consideration, the plaintiff might wish to amend the bill to more clearly show equitable jurisdiction. It will, therefore, be ordered that leave is hereby given to the plaintiff to amend its bill of complaint within 15 days and in default of such amendment the defendant can by petition apply for an order transferring the case to the law docket.