## SHELDON et al. v. MOREDALL REALTY CORPORATION.

District Court, S. D. New York.
July 1, 1937.

O'Brien, Driscoll & Raftery, of New York City, for complainants.

J. Robert Rubin, of New York City (Walter H. Pollak, Earle L. Beatty, and Samuel D. Cohen, all of New York City, of counsel), for respondent.

PATTERSON, District Judge.

The suit is for copyright infringement. At the trial the only issue raised by the defendant was whether the suit might be maintained on the equity side. The defendant moved that it be transferred to the law side under rule 22 of the Equity Rules, 28 U.S.C.A. following section 723.

In the bill the plaintiffs alleged that they wrote a play "Dishonored Lady" and obtained copyright on it pursuant to the Copyright Act, as amended, 17 U.S.C.A. § 1 et seq.; that the defendant infringed the copyright by causing a photoplay "Letty Linton" to be exhibited for profit at its theatre some 84 times between April 29, 1932, and May 12, 1932; that the value of the copyright might be protected only by resort to the compensation provided by section 25(b) of the Copyright Act, as amended, 17 U.S.C.A. § 25(b); that the defendant's infringement was continuing and would result in destruction of the plaintiff's property unless restrained. Injunction, damages, and an accounting of the defendant's profits were asked for. The bill was filed August 5, 1932.

At the trial it was stipulated that the record in Sheldon v. Metro-Goldwyn Pictures Corporation, 2 Cir., 81 F.2d 49, should be received in evidence with the same force as if the witnesses had testified in this case. In that case brought by the same plaintiffs against the producer of the photoplay "Letty Linton" and others not including the present defendant, it was decided that the photoplay was an infringement of the plaintiffs' copyrighted play "Dishonored Lady," and the case was sent to a special master to report on damages and profits. So the plaintiffs here furnished adequate proof of copyright and infringement. The defendant then proved that it conducted a "first run" motion picture theatre; that by custom a picture once shown in such a theatre for a period is not shown there again; that the defendant returned the film of the photoplay to the distributor on May 13, 1932, and never exhibited it again. On these facts the defendant's argument is that there was no present infringement and no prospect of future infringement on the part of this particular party at the time when this suit was brought on August 5, 1932; that accordingly no injunction may be given; and that with injunction eliminated the case must be transferred to the law side. Equity Rule 22 is to the effect that, if it appear at any time that a suit commenced in equity should have been brought as an action at law, it shall forthwith be transferred to the law side.

The remedies for infringement of copyright are given in section 25 of the Act of 1909, as amended, 17 U.S.C.A. § 25.

"If any person shall infringe the copyright in any work protected under the copyright laws of the United States such person shall be liable:

"(a) *Injunction.* (a) To an injunction restraining such infringement;

"(b) *Damages and profits; amount; other remedies.* (b) To pay to the copyright proprietor such damages as the copyright proprietor may have suffered due to the infringement, as well as all the profits which the infringer shall have made from such infringement, and in proving profits the plaintiff shall be required to prove sales only and the defendant shall be required to prove every element of cost which he claims, or in lieu of actual damages and profits such damages as to the court shall appear to be just, and in assessing such damages the court may, in its discretion, allow the amounts as hereinafter stated."

The act further provides that proceedings for injunction, damages, and profits may be united in one action, section 27, 17 U.S.C.A. § 27, and that the remedy of injunction shall be "according to the course

93

and principles of courts of equity." Section 36, 17 U.S.C.A. § 36.

 Where the infringement has come to a end before suit is commenced and the plaintiff when suit is commenced has no real fear that infringement will be resumed, no injunction can be granted. By section 25 and 36 of the Copyright Act an injunction to restrain infringement is not automatic; it may be given only according to principles familiar to courts of equity. By such principles injunctive relief against commission of a tort is not granted unless the tort is continuing or is threatened for the future. Lacassagne v. Chapuis, 144 U. S. 119, 12 S.Ct. 659, 36 L.Ed. 368; Industrial Association v. United States, 268 U.S. 64, 45 S.Ct. 403, 69 L.Ed. 849. Here the tort had ceased three months before suit was brought. The circumstances made it altogether unlikely that this defendant would indulge in a repetition. The case therefore is not properly one for injunctive relief and was not when it was first brought.

 But the plaintiffs demand also an accounting of profits made by the defendant, and the case in this aspect is one for relief by a court of equity. The 1909 act provides in plain terms that an infringer shall be liable for profits made by him out of the infringement, and Congress must have intended that suit in equity in preference to an action at law might be maintained for an accounting of such profits. Under the act now in force, the remedy of accounting for profits is not dependent on the remedy of injunction. The prior copyright statutes had made no mention of an infringer's liability for profits made by him. They had provided only for damages and for injunction. Relief by way of an accounting for profits had been added by the courts, but only as an incident to the issuance of an injunction. Stevens v. Gladding, 17 How. 447, 15 L.Ed. 155. In the 1909 act, liability for profits was made one of the consequences of infringement by express provision, and there is nothing in the text to indicate that the copyright proprietor should recover profits of an infringer only in cases where he might win an injunction. On the contrary, the present act makes it clear that the remedy of injunction and the remedy of accounting for profits are independent of one another. See Page & Co. v. Fox Film Corporation, 2 Cir., 83 F.2d 196, 200.

The defendant relies on McCaleb v. Fox Film Corporation, 5 Cir., 299 F. 48, Pathe Exchange v. Dalke, 4 Cir., 49 F.2d 161, and Metro-Goldwyn-Mayer Distributing Corporation v. Fisher, 10 F.Supp. 745, D.C.Md. In the McCaleb Case there is a statement that in copyright infringement the right to an accounting is incident to a right to an injunction. The statement was one made in passing, and the only authority cited is a case decided prior to the 1909 act. In the Dalke Case it was held without discussion that the prayer for an accounting of profits in copyright infringement would not of itself give equitable jurisdiction. That case is an authority in support of the defendant's position, but I am unable to follow it. In the Fisher Case no accounting of profits was sought, so that the point now being considered was not presented.

The defendant also relies on patent cases like Root v. Railway Co., 105 U.S. 189, 26 L.Ed. 975, to the effect that in patent infringement a naked bill for accounting of profits will not lie, that accounting for profits is purely incidental to an injunction. But the patent statutes have expressly so provided. Under the present Patent Act, the courts "shall have power to grant injunctions according to the course and principles of courts of equity, to prevent the violation of any right secured by patent, on such terms as the court may deem reasonable; and upon a decree being rendered in any such case for an infringement the complainant shall be entitled to recover, in addition to the profits to be accounted for by the defendant, the damages the complainant has sustained thereby." 35 U.S.C.A. § 70. The recovery of profits in a suit in equity for patent infringement is thus made to depend on the plaintiff's right to an injunction. The same is true of trade-mark infringement under the trade-mark statutes. 15 U.S.C.A. § 99. But the present Copyright Act contains no such qualification on the right to hold an infringer of copyright for profits made.

 There is no need to determine whether the suit could be maintained in equity if the bill had prayed only for an injunction and damages, the infringement being merely in the past. On such a case the authorities are not in accord. Metro-Goldwyn-Mayer Corporation v. Bijou Theatre, 50 F.2d 908, D.C.Mass., reversed on another ground in 1 Cir., 59 F.2d 70; Metro-Goldwyn-Mayer Distributing Corporation v. Fisher, 10 F. Supp. 745, D.C.Md. Here the plaintiffs demanded an accounting of profits also, and

this suffices to keep the case on the equity side.

The motion to transfer the case to the law side will be denied. There will be an interlocutory decree for the plaintiffs, and the case will be sent to a special master for hearing on profits and damages.