## STARNS v. SUCCESS PORTRAIT CO.
### No. 52.

District Court, E. D. Tennessee, S. D.
Aug. 24, 1939.

Thach & Thach, of Chattanooga, Tenn., for plaintiff.

Whitaker & Whitaker and Carmack Waterhouse, all of Chattanooga, Tenn., for defendant.

DARR, District Judge.

The plaintiff has applied to the Court for a preliminary injunction. The suit is based upon alleged written and verbal defamation on the part of the defendant wherein the defendant has charged the plaintiff with infringement of a copyright, to the hurt of plaintiff's business.

The suit appears to be one for libel and slander asking damages and seeking an injunction to inhibit the defendant from continuing to make the alleged defamatory statements. A court of equity has no jurisdiction to enjoin the uttering of slander or the writing of libel. Kidd v. Horry, C. C., 28 F. 773; Citizens' Light, Heat & Power Co. v. Montgomery Light, etc. Co., C.C., 171 F. 553–556; American Malting Company v. Keitel, 2 Cir., 209 F. 351.

But a court of equity may issue an injunction in such cases provided the slander or libel are in bad faith, for the sole purpose of injuring the trade of the person defamed. American Malting Company v. Keitel, supra; Dittgen v. Paper Goods Company, C.C., 164 F. 84; Emack v. Kane, C.C., 34 F. 46.

A review of these cases and other authorities impressed me with the idea that to warrant a preliminary injunction, there must be strong allegations of continued and flagrant slander or libel for the sole purpose of injuring business.

The complaint in this case on the question of bad faith is couched in language showing conclusions rather than set-

712

ting out the details of how, when, and where the libel and slander were committed, and the result thereof.

It is my judgment that the charges in the complaint are not sufficient to warrant the Court in awarding an injunction.

Having this view of the case, it is not necessary for the Court to pass upon the question raised as to want of jurisdiction because of the insufficiency of the amount sued for; or the question as to whether this is a suit at law or a suit in equity; or whether there can be a combination of a suit at law and equity under the new Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Let an order be prepared denying the award of an injunction.