**UNIVERSAL PICTURES CORPORATION et al. v. MARSH. No. 975.**

**R. K. O. RADIO PICTURES, Inc., v. SAME. No. 976.**

**GOLDWYN et al. v. SAME. No. 974.**

District Court, N. D. West Virginia. Clarksburg.

Dec. 31, 1940.

Herman Bennett, of Charleston, W. Va., for plaintiffs.

Howard Caplan, of Clarksburg, W. Va., and Jacob S. Hyer, of Elkins, W. Va., for defendant.

HARRY E. WATKINS, District Judge.

This is an action in equity instituted prior to the effective date of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to recover damages for copyright infringement, for an injunction, and for discovery as to past infringements.

Defendant insists that he is entitled to a jury trial as a matter of right. This requires a determination of whether plaintiff's remedy is legal or equitable in nature.

There is nothing in the bill of complaint to indicate how defendant secured possession of the films. The bill does not allege that defendant is still in possession of the films, or that he has any opportunity to again violate the copyrights. The bill does not allege that defendant has either threatened or intends to commit further infringements. At a pre-trial conference it developed that defendant came into possession of the films under written contract or license to exhibit them on certain specified days. The infringements are for alleged exhibitions either prior or subsequent to the permitted dates of exhibition. It appears from the pre-trial conference and other proceedings herein that after the films were exhibited in 1933 and 1934 they were returned and have not since been in the possession of defendant.

It seems clear that the mere prayer for an injunction without any allegation of fact to support it will not confer equitable jurisdiction. Likewise the prayer for discovery or accounting will not of itself give equitable jurisdiction. Pathe Exchange v. Dalke, 4 Cir., 49 F.2d 161.

The exact question here involved was decided by Judge Chestnut in the case of Metro-Goldwyn-Mayer v. Fisher, D.C., 10 F.Supp. 745. A reading of the opinion would indicate that the bill was in the same printed form as used in the instant case. In that case, as here, plaintiff prayed for an injunction and for discovery as to past infringements. In a well-considered opinion Judge Chestnut held that past infringement of a copyright is not in itself sufficient to justify a present issuance of an injunction against the defendant from infringement of any other films, whether now or hereafter to be copyrighted by the plaintiff, and subsequently furnished to defendant under contractual arrangements for exhibition. Judge Chestnut held that there was no equitable jurisdiction and that defendant was entitled to a jury trial. For the same reason defendant is entitled to a jury trial in this case.

Plaintiff insists that if defendant has a right to a jury trial, such right has been waived by failure to demand a jury trial under Rule 38 of Federal Rules of Civil Procedure. I cannot agree. This suit was started in 1935, and brought to issue prior to the effective date of the new rules. Because of illness of counsel and amendments to pleadings, the case has not been tried. The new rules became effective September 16, 1938. They are not applicable to cases then pending where, in the opinion of the court, their application would not be feasible or would work injustice. Here it would not be feasible and would work injustice to apply Rule 38 to this case. Defendant could not be expected to demand a jury trial prior to the time that such demand was made necessary by the new rules. The record does not show that defendant has waived this right but has insisted on a jury trial from the beginning.