See also 8 F.R.D. 568, 9 F.R.D. 568.

## GENERAL MOTORS CORPORATION v. CALIFORNIA RESEARCH CORPORATION.

Civ. No. 1061.

United States District Court
D. Delaware.

Oct. 18, 1949.

Alexander Nichols (of Morris, Steel, Nichols & Arsht), of Wilmington, Del., and Thomas J. Byrne (of Cooper, Byrne, Dunham, Keith & Dearborn), of New York City, for plaintiff.

Thomas Cooch (of Marvel & Morford), of Wilmington, Del., and Leonard S. Lyon

(of Lyon & Lyon), of Los Angeles, Cal., for defendant.

RODNEY, District Judge.

This memorandum concerns a motion by plaintiff to strike defendant's demand for a jury trial. The action is for a declaratory judgment of invalidity of two designated patents of the defendant and noninfringement thereof by the plaintiff. An injunction is also asked restraining the defendant or any one in privity with it from bringing or threatening infringement proceedings as to the said patents against the plaintiff, its agents, vendees or others in privity with it or them.

The defendant filed an answer and a counterclaim. These, supplemented by a subsequent waiver of any claim for equitable relief under the counterclaim, aver the validity of defendant's patents and allege infringement thereof by the plaintiff. The counterclaim is an explicit claim for damages. It is essentially a claim by the defendant under R.S. 4919, 35 U.S.C.A. § 67. The defendant made a timely demand for a jury trial of all issues and plaintiff moves to strike such demand.

It is obvious that the present question involves a direct conflict between the right of the plaintiff to have the matter determined as a non-jury action and the right of the defendant to a jury trial. There is no sure course between the opposing contentions except as reasoning and principles may chart the way. In arriving at the proper conclusion it is well to consider the rights and the general character of the remedies of the parties prior to the adoption of the Federal Declaratory Judgments Act as well as the changes effected by the Federal Rules of Civil Procedure, 28 U.S.C.A.

Prior to the passage of the Federal Declaratory Judgments Act in 1934, 28 U.S.C.A. §§ 2201, 2202, an alleged infringer had no action at law against the patentee and no action by which the validity of the patent or the fact of infringement could be ascertained. Under certain circumstances he had a limited equitable right to enjoin a course of conduct as evidenced by cases such as Emack v. Kane, C.C., 34 F. 46. The patentee, on the other hand, from early days had an action at law against an alleged infringer to recover damages for such infringement. This right of action is represented by R.S. 4919, 35 U.S.C.A. § 67. In this action, of course, validity of the patent and infringement thereof were basic issues. Subsequently, the patentee was given also an equitable right of action, including injunctive relief, whereby damages and profits could be recovered in cases of infringement. This right of action is represented by R.S. 4921, 35 U.S.C.A. § 70. Prior to the Federal Declaratory Judgments Act, then, questions of validity and infringement could only be litigated at the instance of the patentee and, at his option, could be by legal action or in equity.

Under the Federal Declaratory Judgments Act in cases of actual controversy the rights and legal relations of any interested party may be declared. In proper cases and at the instance of an alleged infringer the validity and infringement of a patent may be determined. The Declaratory Judgment proceeding is neither a purely equitable nor a purely legal proceeding, but partakes of the nature of either or both proceedings. It has been expressed as "sui generis" and the nature of the cause depends upon the nature of the basic issues involved. The Act expressly contemplates a trial by a jury under certain circumstances.

The Federal Rules of Civil Procedure discarded the distinction between legal actions and equitable actions and merged them into a single "civil action." The distinction now is in the method of trial and is between a "jury action" and a "court action."[1] As said in Ettelson v. Metropolitan Life Ins. Co., 3 Cir., 1943, 137 F.2d 62, 65, "Although under the Federal Rules of Civil Procedure claims and defenses formerly cognizable either at law or equity have been merged into one action, a civil action, the rules have neither enlarged nor diminished the right to either a jury or court trial. Basic issues formerly

1. 3 Moore's Fed. Pract. (1st Ed.) 3004.

triable as of right by a jury are still triable by a jury as a matter of right."

It is clear, then, that the basic nature of the issues must determine whether this be a "jury action" and that the nature of these basic issues be ascertained. The basic issues here are the validity of the defendant's patents and infringement thereof by the plaintiff. In these issues there is nothing inherently of an equitable nature. They are clearly ultimate facts upon which must depend questions of liability and may be determined by a jury.[2]

If the present defendant had, itself, been the plaintiff for what is now the counterclaim and in a case pursuant to R. S. 4919, the issues of validity and infringement would clearly have been triable by a jury. If the present plaintiff had brought its action for a declaration of rights as to the validity and infringement of the patents, as it has, and if it had not included therein a prayer for injunctive relief and the defendant had clearly counterclaimed for damages, as it has, then the basic issues of validity and infringement must still have been determinable by a jury, for there would have been nothing of a former equitable nature requiring a present court trial. It must result, therefore, that if a court trial be now required it must flow from the prayer for injunctive relief, but this clearly is not a basic issue. In Ring v. Spina, 2 Cir., 1948, 166 F.2d 546, the issues were held to be legal and triable by a jury notwithstanding a prayer for injunctive relief.

The Federal Declaratory Judgments Act gave to the alleged infringer the opportunity to bring forward the issues of validity and infringement. These are the issues the patentee would have brought forward in an R. S. 4919 proceeding and which an alleged infringer desires litigated, and Rule 13 (a) requires the defendant to plead his counterclaim. The issues are the same regardless of which party succeeds in commencing the litigation. [3]

The plaintiff by reliance upon certain authorities hereinafter discussed tacitly concedes the counterclaim might be tried by a jury if the questions raised therein remain after the court has determined the questions of validity and infringement. The defendant insists all issues should be tried by the jury. I am of the opinion that, unless the authorities are so clearly to the contrary, I should hold the basic issues of validity and infringement to be of such a nature that they should here be determined by a jury charged to determine all the issues in this case in one trial, as is clearly contemplated by the Rules.

The plaintiff relies upon certain authorities listed in the footnote. [4]

The Bellavance case was an infringement suit brought by the patentee. He had two rights of action. One was for damages under R.S. 4919, 35 U.S.C.A. § 67, in which he had a jury trial as a matter of right. The other was for equitable relief under R.S. 4921, 35 U.S.C.A. § 70, in which the plaintiff was not entitled to a jury trial on the question of damages. The plaintiff chose the latter remedy and asked a jury trial, which was denied. Here the conditions are reversed and the patentee by his counterclaim seeks damages solely by virtue of R.S. 4919, 35 U.S.C.A. § 67.

In the Beaunit case, the sole question was the appealability of an order denying the defendant a jury trial in a suit for a declaratory judgment. There was no counterclaim involved, it having been stricken by the district court and not appealed. All that remained was an action for declaratory judgment seeking equitable relief and no counterclaim.

---

2. United States v. Esnault-Pelterie, 299 U.S. 201, 205, 57 S.Ct. 159, 81, L.Ed. 123; Trustees of Masonic Hall and Asylum Fund v. Fountain Electric Floor Box Corp., 2 Cir., 1914, 218 F. 642.

3. 3 Moore's Fed. Pract. (1st Ed.) 3015.

4. Bellavance v. Plastic-Craft Novelty Co., D.C.Mass., 30 F.Supp. 37; Beaunit Mills, Inc. v. Eday Fabric Sales Corp., 2 Cir., 1942, 124 F.2d 563; Union Central Life Ins. Co. v. Burger, D.C.S.D.N.Y., 27 F.Supp. 554; Bendix Aviation Corp. v. Glass, D.C.E.D.Pa., 81 F.Supp. 645; Ohio Casualty Ins. Co. v. Maloney, D.C. E.D.Pa., 3 F.R.D. 341; North American Philips Co. v. Brownshield, D.C.S.D. N.Y., 9 F.R.D. 132.

In the Burger and Bendix cases, the complaints set out respectively the basic equitable claims for rescission and cancellation and for specific performance, which could not be transformed into jury questions by the counterclaims. The courts held the equitable issues should be heard first reserving, if necessary, the determination of the legal issues. See criticism of Burger case, 3 Moore's Fed. Pract. (1st Ed.) 1948 Supp. 15. To the same effect is the Ohio Casualty Ins. Co. case. In the present case, the basic issues are not such as to clearly require a trial by the court.

In the North American case, the plaintiff sued for a declaratory judgment of two clearly equitable questions as well as questioning the validity of a patent. The plaintiff sought an assignment of defendant's patent and that it be held to be unenforceable against the plaintiff. It was held that these equitable questions should be tried first and if the legal issues survive the trial, that such legal issues be subsequently tried by a jury.

None of the foregoing cases seem exactly pertinent to the present situation. On the contrary, the precise question here involved was present in Ryan Distributing Corp. v. Caley, D.C.E.D. Pa., 51 F. Supp. 377. In that case involving all of the elements of the present case a jury trial demand of the defendant was sustained.

 It has been held that where the issues of the complaint are legal in character and those of the defendant's counterclaim are equitable in character, the issues of patent validity and infringement tendered by the plaintiff will be tried by a jury. Van Alen v. Aluminum Co. of America, D.C.S.D. N.Y., 43 F. Supp. 833. It seems equally clear that where the complaint contains matter which is equitable in character and the counterclaim is legal in character, the court must determine the nature of the basic issues and if these are legal in character a demand for a jury trial must be granted. 3 Moore's Fed. Pract. (1st Ed.) 1948 Supp. 15.

Since I conclude the basic issues in this case are legal in character, the motion to strike the defendant's claim for a jury trial must be denied.

As pointed out in Ring v. Spina, 2 Cir., 1948, 166 F.2d 546, 550, and under Rule 39 (a) (2), Federal Rules of Civil Procedure, the judge presiding at the jury trial may decide any equitable issues which may be necessary for decision. In this way, the plaintiff's prayer for injunctive relief in the present case may be disposed of without disturbing the jury's determination of the issues triable of right by a jury.