INLAND STEEL PRODUCTS COM-
PANY, Plaintiff,

v.

MPH MANUFACTURING CORPORA-
TION, Inc., et al., Defendants
(two cases).

MPH MANUFACTURING CORPORA-
TION, Inc., et al., Plaintiffs,

v.

INLAND STEEL PRODUCTS COM-
PANY et al., Defendants.

Nos. 54 C 1449, 54 C 1471, 55 C 835.

United States District Court
N. D. Illinois.

Dec. 29, 1959.

240

Charles J. Merriam, Merriam, Smith
& Marshall, Herbert A. Friedlich, Mayer,
Friedlich, Spiess, Tierney, Brown &

Platt, Chicago, Ill. (Fairchild, Foley & Sammond, Milwaukee, Wis., of counsel), for Inland Steel Products Co.

Harry H. Hitzeman, Chicago, Ill., for Leroy N. Hermann.

Joseph Keig, Chicago, Ill., for John F. Blaski.

John O'C. FitzGerald, Lloyd C. Root, Marzall, Johnston, Cook & Root, Chicago, Ill. (Charne & Kops, Milwaukee, Wis., of counsel), for MPH Mfg. Corp. and others.

Arthur H. Seidel, Lines, Spooner & Quarles, Milwaukee, Wis., for Robert Anderson.

ROBSON, District Judge.

These three cases, consolidated for trial, involve a controversy over the title to inventions pertaining to the construction of metal arch type trussless buildings, as well as the validity and alleged infringement of patents on such structures. On June 28, 1957, an order was entered, pursuant to motion under Rule 39(b), Fed.Rules Civ.Proc. 28 U.S.C.A., ruling that all issues in these cases triable by jury as a matter of right be so tried. On January 29, 1958, at a pretrial conference, it was agreed that the parties would submit memoranda on the question as to which issues involved in these actions are triable of right by jury.

## 54 C 1449

This action was brought by Inland Steel Products Company (hereinafter called Products) against (1) MPH Manufacturing Corporation, Inc. (hereinafter called MPH), (2) Peter S. Pedersen, Peter S. Pedersen, Jr. and Edward Martin, d/b/a Central Farm Equipment Company (hereinafter called Central), (3) Peter S. Pedersen, individually, (4) LeRoy N. Hermann and (5) John F. Blaski. Involved is a dispute over the title to the inventions embodied in a building displayed by Products at the Milwaukee State Fair in August, 1954, as well as the title to patent applications covering these inventions, filed by Hermann and subsequently assigned to Products pursuant to an employment contract between Hermann and Products.

The complaint states that the defendants, except Hermann, claim rights in these inventions. It seeks (1) a declaratory judgment that these defendants have no interest in any subject matter covered by the employment contract between Hermann and Products and therefore have no right to prevent Products from making or selling the structure in question; (2) a declaratory judgment quieting title to the improvements or inventions embodied in the structure, and declaring that the defendants' challenge to plaintiff's title constitutes a slander to its title, and (3) an injunction against defendants (except Hermann) restraining them from slandering Products' title to the inventions or improvements assigned to Products in the latter's contract with Hermann.

The answers, except that of Hermann, deny that the inventions are those of Hermann and that Products has title thereto. It is claimed that the inventions are those of Edward Martin and that the Hermann patent applications are the property of MPH. It is alleged that Hermann, while in the employ of MPH and Central, developed these inventions from ideas orally conveyed to him by Martin; Hermann's duties in his employment by MPH and Central, it is claimed, involved the development of these ideas for the benefit and use of the employer companies.

A counterclaim filed by MPH, Central and Peter S. Pedersen seeks a declaratory judgment that (1) the Hermann patent application and inventions described therein are the property of MPH; (2) that the inventions embodied in Products' structure displayed at the Wisconsin State Fair are those of Martin, and (3) that neither Products nor Hermann has any rights or interest in the Hermann patent applications. The counterclaim seeks, in addition, damages arising from

Products' and Hermann's alleged wrongful use of the inventions of Martin.

Products contends that all issues on the counterclaim are equitable in nature and therefore not triable of right by a jury. The plaintiff notes that the action is one to quiet title to personal property and to enjoin further title slander wholly equitable in nature. Moreover its equitable character cannot be altered by the fact that the counterclaim is legal.

The defendants (except Hermann) argue that the plaintiff's prayer for an injunction against alleged slander of title does not make the action equitable and that a court of equity has no jurisdiction to enjoin slander of title but will leave a complainant to his remedy at law. Therefore, no equitable cause is stated and the title issue involved in the slander action is purely legal in nature. Defendants do not make any argument as to the legal or equitable character of the plaintiff's prayer that the court quiet title to the inventions in question.

Defendants further state that the counterclaim is legal, being for the illegal appropriation of a trade secret, for which damages, but no injunction, are sought. Defendants claim that even if the plaintiff's action be regarded as equitable, the counterclaim, being legal, should be tried by a jury before the plaintiff's claim is tried by the court. Otherwise, the defendants' right to a jury trial on its legal counterclaim would be rendered nugatory, inasmuch as the issues common to both the plaintiff's action and the defendants' counterclaim would be *res judicata* after trial to the court, precluding a jury trial of those questions on the counterclaim.

■ In determining what issues are triable of right by a jury, the Seventh Amendment is to be followed preserving the right to jury trial as it existed under the common law at the time when the Constitution was adopted. Beacon Theatres, Inc. v. Westover, U. S. District Judge, 1959, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988; National Labor Relations Board v. Jones & Laughlin Steel Corp., 1937, 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893; Liberty Oil Company v. Condon National Bank, 1922, 260 U.S. 235, 243, 43 S.Ct. 118, 67 L.Ed. 232.

■ As to the plaintiff's action, it is well settled that a declaratory judgment suit is neither legal nor equitable in and of itself; it is said to be *sui generis*, its character depending upon the nature of the issues involved in each specific action. State Farm Mutual Automobile Ins. Co. v. Mossey, 7 Cir., 1952, 195 F.2d 56, certiorari denied DuBois v. Mossey, 1952, 344 U.S. 869, 73 S.Ct. 109, 97 L.Ed. 674. See also Beacon Theatres, Inc. v. Westover, U. S. District Judge, supra. The plaintiff seeks a declaratory judgment quieting title to the inventions and determining that the defendants have slandered the plaintiff's title. It also seeks an injunction against further slander to plaintiff's title.

■ A bill to quiet title is equitable in nature, and neither party to the bill has a right to trial by jury of the issues involved therein. Humble Oil & Refining Co. v. Sun Oil Co., 5 Cir., 1951, 191 F.2d 705, certiorari denied, 1952, 342 U.S. 920, 72 S.Ct. 367, 96 L.Ed. 687. Although the remedy of quieting title is generally regarded as applicable only to cases involving real estate, 44 Am.Jur., Quieting Title § 3, precedent exists both in Illinois and in the Seventh Circuit for applying it as well to bills concerning personal property. See Chicago Auditorium Ass'n v. Willing, 7 Cir., 1927, 20 F.2d 837, reversed on other grounds, 1928, 277 U.S. 274, 48 S.Ct. 507, 72 L.Ed. 880; Stebbins v. Perry County, 1897, 167 Ill. 567, 47 N.E. 1048. Therefore, the issues involved in the quiet title aspect of the plaintiff's case are equitable and not triable of right by jury.

■ A different conclusion is compelled with respect to that portion of the plaintiff's suit requesting an injunction against slander to the plaintiff's title to the inventions. A mere prayer for injunctive relief without sufficient allega-

tions of fact to support it does not invoke the equity jurisdiction of the court or deprive the defendant of a jury trial. Universal Pictures Corporation v. Marsh, D.C.N.D.W.Va.1940, 36 F.Supp. 241; Metro - Goldwyn - Mayer Distributing Corp. v. Fisher, D.C.D.Md.1935, 10 F. Supp. 745. The allegations of the instant complaint are insufficient to support the granting of injunctive relief. As a general rule courts of equity have no jurisdiction over suits for libel or slander to title. Heuer v. Basin Park Hotel and Resort, D.C.W.D.Ark.1953, 114 F.Supp. 604; Kidd v. Horry, D.C.E.D.Pa.1886, 28 F. 773; Palmer v. Travers, C.C.N.Y. 1884, 20 F. 501; Montgomery Ward & Co. v. United Retail, Wholesale & Department Store Employees of America, C.I.O. et al., 1948, 400 Ill. 38, 79 N.E.2d 46. Exceptions exist where it is alleged that the adverse party's challenges to the complainant's title are made in bad faith, with intent to injure the business of a competitor, Kemart Corporation v. Printing Arts Research Laboratories, Inc., D. C.S.D.Cal.1956, 146 F.Supp. 21; Starns v. Success Portrait Co., D.C.E.D.Tenn. 1939, 28 F.Supp. 711; Emack v. Kane, C.C.N.D.Ill.1888, 34 F. 46, and where the threatened or apprehended repetition of the defendant's conduct makes injunctive relief necessary to protect the complainant's rights. Emack v. Kane, supra; Palmer v. Travers, supra. There are no allegations in the present complaint which bring the cause within an exception to the general rules so as to invoke successfully the equity jurisdiction of the court; therefore the defendant has a right to a jury trial on the issues involved in the charge that defendants have slandered the plaintiff's title to the inventions.

The issues raised by the defendants' counterclaim, which seeks damages for alleged appropriation of a trade secret as well as a declaratory judgment that the Hermann patent application and inventions described therein are the property of MPH, are clearly legal in nature.

More difficult than determining whether the issues raised by the pleadings are legal or equitable is the proper method of trial under modern, unified procedure, where, as here, the complaint presents equitable issues and the counterclaim presents legal questions. Prior to the amalgamation of courts of law and equity, a legal defense to a bill in equity could be stated if the plaintiff did not object. If it was stated, however, the defendant was deemed to have waived his right to a jury trial. Moore's Federal Practice § 38.14, 2d Ed., Vol. 5, page 145. No such waiver now takes place. A defendant having a claim against the plaintiff arising out of the same transaction or occurrence that is the subject matter of the plaintiff's claim must state that claim as a counterclaim to the plaintiff's action. (Rule 13(a). Consequently, the defendant cannot be regarded as having waived his right to a jury trial on the legal issues involved in his action. Beacon Theatres, Inc. v. Westover, U. S. District Judge, supra, General Motors Corp. v. California Research Corp., D.C.D.Del.1949, 9 F.R.D. 565; Lisle Mills, Inc. v. Arkay Infants Wear, Inc., D.C.E.D.N.Y.1950, 90 F.Supp. 676. The plaintiff's equitable cause, therefore, is to be tried to the court, while the defendant's legal claim is to be tried by a jury. The difficulty appears where the claim and the counterclaim involve common questions of fact. In such event it becomes important which claim is tried first. If the equitable claim is tried before the legal, then the court's fact determinations are *res judicata* as to the common questions, and a jury trial is lost to the defendant on those points. Sablosky v. Paramount Film Distributing Corp., D.C.E.D.Pa.1952, 13 F.R.D. 138; Moore's Federal Practice, § 38.16, 2d Ed. Vol. 5, page 148. In the instant case, the questions raised by the plaintiff's quiet title action as well as by the defendants' action for wrongful appropriation involve identical questions of fact. The only issue which would remain for jury determination should the

plaintiff's equitable claim be tried first (and should the fact determination be in favor of defendants) would be that of the amount of damages recoverable by the defendants. The importance of the sequence of trial in this case is therefore evident.

The method for deciding the proper sequence of trial is indicated in Enelow v. New York Life Ins. Co., 1935, 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440, and Liberty Oil Co. v. Condon National Bank, 1922, 260 U.S. 235, 43 S.Ct. 118, 67 L.Ed. 232. Those cases, decided under laws preceding the Federal Rules of Civil Procedure, held that a statute authorizing the interposition of an equitable defense to a legal action preserved the right to jury trial as it existed at common law, and preserved the order of trial followed under the separate system of law and equity. Rule 38(a) expressly states that the right of jury trial as declared by the Seventh Amendment is preserved. It follows, too, as under the statute involved in the Enelow and Liberty Oil cases that the same sequence of trial is to be followed. Beacon Theatres, Inc. v. Westover, U. S. District Judge, supra, is fully corroborative of this conclusion.

■ The question is thus presented as to what order of trial would have been followed had the plaintiff's cause to quiet title been brought in a court of equity, and, shortly thereafter, the defendants' action for wrongful appropriation of a trade secret had been instituted in a court of law. The answer lies in the equity rule that an action at chancery will not lie where an adequate remedy at law exists. Thus, where an action at law is pending at the time when an equitable bill is instituted, equity will dismiss the bill if the complainant's defense to the legal action will provide as complete, practicable and efficient a remedy as the bill in equity. Boise Artesian Hot & Cold Water Co. v. Boise City, 1909, 213 U.S. 276, 29 S.Ct. 426, 53 L.Ed. 796. The same rule applies where the bill in equity precedes the action at law, by a short time, and where the legal remedy by way of defense is adequate. Via v. State Comm. on Conservation and Development of State of Virginia, 1935, 296 U.S. 549, 56 S.Ct. 245, 80 L.Ed. 388, affirming per curiam D.C.W.D.Va.1935, 9 F.Supp. 556, 564; Insurance Company v. Bailey, 1871, 13 Wall. 616, 80 U.S. 616, 20 L.Ed. 501; Prudential Ins. Co. of America v. Saxe, 1943, 77 U.S.App.D.C. 144, 134 F.2d 16, certiorari denied, 1943, 319 U.S. 745, 63 S.Ct. 1033, 87 L.Ed. 1701, and cases cited. See also Metzgar v. McCoy, C.C.D.Pa. 1901, 105 F. 676 where a bill to quiet title to real estate was dismissed on the ground that an adequate legal remedy existed under a statute whereby the complainant could force the adverse claimant to institute an action in ejectment within six months or a final determination would be rendered as between the parties. The Metzgar case is analogous to the present action in which the defendant's claim to title arises as a compulsory counterclaim.

■ Under the separate system of courts, therefore, the defendants in the present case would have received a jury trial on their claim of wrongful appropriation. The same issues are involved in that claim as in the plaintiff's action to quiet title. It is concluded, therefore, that the defendants' counterclaim should be tried in full by a jury and not only as to the amount of damages. The fact determinations made by the jury will then dictate whether the plaintiff is entitled to a declaratory judgment quieting title to the inventions in the plaintiff.

### 54 C 1471

This action was brought by Inland Steel Products Company against (1) MPH Manufacturing Company, Inc., (2) Peter S. Pedersen, Peter S. Pedersen, Jr. and Edward Martin, d/b/a Central Farm Equipment Company, (3) Peter S. Pedersen, individually, (4) Wonder Building Corporation of America and (5) John F. Blaski.

Products seeks a declaratory judgment that the metal panels and building in-

volved in case No. 54 C 1449 do not infringe the Blaski patents belonging to certain of the defendants, and that those patents are invalid. An injunction is also sought restraining the defendants from threatening Products or its customers with suits for patent infringement. By amendment to its complaint, Products also charges the defendants with misuse of the Blaski patents and certain antitrust violations. Treble damages and injunctive relief are sought; the damage claim, however, was expressly waived by Products.

The defendants filed a counterclaim seeking a declaratory judgment that the Blaski patents are valid and have been infringed by the plaintiff, as well as treble damages and an injunction against further infringement of the patents.

The principal controversy with respect to this action concerns the question as to whether the defendants have a right to jury trial on the issues of validity and infringement of the Blaski patents, by virtue of their claim for damages for patent infringement. The plaintiff argues that the damage claim is merely incidental to the prayer for injunctive relief, thereby not giving rise to a right to jury trial. The defendants, on the other hand, contend that the damage claim is a legal cause joined with one in equity, and that under the Federal Rules such joinder does not operate as a waiver of jury trial on the legal issues.

Clearly, where damages are sought as an incident to equitable relief, no right to a jury trial exists. National Labor Relations Board v. Jones & Laughlin Steel Corp., 1937, 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893. It must be determined, therefore, whether the defendants' legal claim is incidental, only, to its equitable claim, or constitutes an independent ground for relief.

It should be noted at the outset that where an action for declaratory judgment is brought seeking a determination that the plaintiff has not infringed the defendant's patent and that such pat-

ent is invalid, the legal or equitable nature of a counterclaim for patent infringement determines whether a right to jury trial exists. General Motors Corp. v. California Research Corp., D.C. D.Del.1949, 9 F.R.D. 565. The character of a declaratory judgment action depends upon the nature of the issues raised and whether under the separate system of law and equity a jury trial would have been had as of right. It is significant that prior to the enactment of the Declaratory Judgment Act, 28 U.S.C.A. §§ 2201, 2202, the patentee had the choice of suing at law or in equity; his choice of remedy still controls the nature of the action.

The question for decision is whether the defendants, by seeking both legal and equitable relief, have foregone a jury trial on their damage claim. The plaintiff, relying upon Bellavance v. Plastic-Craft Novelty Co., D.C.D.Mass.1939, 30 F.Supp. 37, and other similar cases, contends that a patent suit for both types of relief must be regarded as seeking a legal remedy which is incidental to the equitable relief. The defendants, however, relying upon National Dryer Manufacturing Corp. v. Dryer Company of America, D.C.E.D.Pa.1955, 130 F.Supp. 912, argue that an amendment to the Patent Act enacted in 1952 has changed the rule of the Bellavance case. The contention of the defendants is upheld.

The holding of the Bellavance case, as well as the other pre-1952 decisions relied upon by the plaintiff, rested upon the nature of the provisions in the former Patent Act concerning the remedies for infringement available to a patentee. One provision, former section 67 of the Act (now found at 35 U.S.C.A.Appendix II, § 67), authorized an action for damages. The other, former section 70 of the Act (now printed at 35 U.S.C.A.Appendix II, § 70), provided for injunctive relief, along with the awarding of damages by the court upon judgment being entered for the patentee. This latter provision was interpreted as meaning that when both damages and equitable relief

were sought in the same action, the patentee was proceeding solely in equity, under section 70, and therefore was not entitled to a jury trial on the damage question. See Bellavance v. Plastic-Craft Novelty Co., supra; Protexol Corp. v. Koppers Co., D.C.S.D.N.Y.1951, 12 F.R.D. 7, and cases cited.

The 1952 Patent Act has changed the remedy provisions of the former statute, one section now authorizing the recovery of damages (35 U.S.C. § 284), and another authorizing the obtaining of an injunction. (35 U.S.C. § 283). The latter provision contains no authorization for the awarding of damages by the court upon judgment for the patentee.

The National Dryer decision held, on the basis of the change in the above provisions, that the damage remedy now authorized by the Act is a separate and distinct remedy from the injunctive relief provided. This conclusion is consonant with decisions under other statutes which have separate provisions for legal and equitable relief. See, e. g., Chappell & Co., Inc. v. Cavalier Cafe, Inc., D.C.E.D. Mass.1952, 13 F.R.D. 321 (Copyright Act, 17 U.S.C.A. § 101); Porter v. Warner Holding Co., 1946, 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332, and United States v. Hart, D.C.E.D.Va.1949, 86 F. Supp. 787 (Emergency Price Control Act, 50 U.S.C.A.Appendix, § 901 et seq.); Sablosky v. Paramount Film Distributing Corp., D.C.E.D.Pa.1952, 13 F.R.D. 138 (Clayton Act, 15 U.S.C.A. § 12 et seq.). The Supreme Court, in Porter v. Warner Holding Co., supra, stated that the existence of such separate provision in the Emergency Price Control Act precluded the possibility of the awarding of damages as incidental relief by a court of equity.

It should also be noted, as a further reason why the claim for damages for patent infringement cannot be regarded as incidental to the prayer for an injunction, that the defendants are seeking treble damages as to which there is a right to a jury trial. Beacon Theatres,

Inc., v. Westover, U. S. District Judge, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988. Such damages are not the kind which equity has inherent power to award as incidental relief. See Chappell & Co., Inc. v. Cavalier Cafe, Inc., supra, and cases cited. Therefore, since the Patent Act no longer provides specifically for the granting of such damages by the court sitting as a court of equity, the treble damages sought by the defendants cannot be treated as incidental to the injunctive relief prayed.

■ Inasmuch as the questions of validity and infringement are common to both the legal and equitable claims in this action, the defendants' right to a jury trial on the damage claim should not be negated by a trial of the equitable cause by the court prior to a jury determination of the common issues, at least absent "impelling considerations" or "special reasons." Leimer v. Woods, 8 Cir., 1952, 196 F.2d 828; Sablosky v. Paramount Film Distributing Corp., supra. In the Beacon case, supra, the Supreme Court said (359 U.S. at pages 510–511, 79 S.Ct. at page 957):

"'In the Federal courts this [jury] right cannot be dispensed with, except by the assent of the parties entitled to it; nor can it be impaired by any blending with a claim, properly cognizable at law, of a demand for equitable relief in aid of the legal action, or during its pendency.' This long-standing principle of equity dictates that only under the most imperative circumstances * * can the right to a jury trial of legal issues be lost through prior determination of equitable claims."

No such special considerations now appear, although should circumstances change, the trial judge will have discretionary power to alter the sequence of trial to meet the occasion. Ibid.

■ The plaintiff's prayer for an injunction restraining the defendants from threatening the plaintiff or its customers with infringement suits is an equitable

claim which the defendants do not contend should be tried by a jury. The presence of this claim, however, has no effect upon the defendants' right to a jury trial on the issues of validity and infringement. General Motors Corp. v. California Research Corp., supra.

 It remains to be considered whether the plaintiff's charges of patent misuse and antitrust violations, as stated in the amendment to the complaint, are triable of right by jury. The defendants argue, first, that this question has already been decided in favor of a jury trial, and, second, that the plaintiff concedes that the issues are of a legal nature.

On June 26, 1957, an order was entered denying the plaintiff's motion to quash a jury demand with respect to the misuse issue. In a brief filed by Products with respect to this motion the plaintiff, indeed, conceded that the jury demand was proper as to this question. The only controversy which was under consideration at that time, however, was whether the defendants' jury demand had been timely filed. It was held that the demand was not timely as to some issues in 54 C 1471 but was as to the misuse question. No determination, however, was made with respect to what questions were, in fact, triable as of right by jury.

In the present posture of the antitrust claim the issues raised thereby are equitable in character. The prayer for treble damages has been waived. The remaining relief sought is injunctive. Moreover, the plaintiff asserts that the antitrust charge will not be used in the statutory antitrust sense, but rather as a defense of patent misuse to the defendants' claim of infringement. Even so viewed, these claims are equitable. The defense of patent misuse has consistently been treated as an equitable defense; it is a branch of the doctrine of "unclean hands." See, e. g., Morton Salt Co. v. G. S. Suppiger Co., 1942, 314 U.S. 488, 62 S.Ct. 402, 86 L.Ed. 363; Gray Tool Co. v. Humble Oil & Refining Co., 5 Cir.,

1951, 186 F.2d 365; Mercoid Corporation v. Minneapolis-Honeywell Regulator Co., 7 Cir., 1942, 133 F.2d 811. Therefore, the misuse claims are not triable of right by jury.

### 55 C 835

 This action, originally brought in Wisconsin and later consolidated with 54 C 1449 and 54 C 1471, involves in large part the same issues as those raised in the other two actions. The only matter which is peculiar to the present action is a charge by the plaintiffs (who are the same as the defendants in 54 C 1471) that Products, Hermann and one Robert Anderson have engaged in unfair competition by conspiring to deprive the plaintiffs of their rights in the Blaski patents as well as their interest. in the ideas of Martin allegedly used by Hermann in his application for letters patent on metal panels. The plaintiffs request damages for the alleged unfair competition.

The plaintiffs assert that the conspiracy issue is triable of right by a jury. The defendants do not contest this point. Since damages alone are sought, and since no equitable issues are raised by the claim, a jury trial is granted on this cause.

### Conclusion

In summary, the court rules that:

(1) In 54 C 1449, the quiet title claim of the plaintiff is equitable, while the slander claim of the plaintiff as well as the defendants' action for wrongful appropriation are legal, and triable of right by jury. The defendants' counterclaim will be tried by the jury before the court rules upon the plaintiff's request for a declaratory judgment quieting title to the inventions.

(2) In 54 C 1471, the defendants' damage claim and the issues of infringement and validity of the Blaski patents involved therein are triable by jury, while the defendants' injunction claim for infringement, as well as the plaintiff's prayer for an injunction against threats of infringement suits are equitable. The

legal issues should be tried first, absent special considerations.

The plaintiff's patent misuse claim is equitable and thus to be tried by the court.

(3) In 55 C 835, the conspiracy issue is legal in nature and thus triable by jury.